FRANK CHALUPA ET AL., APPELLEES, V. TRI-STATE LAND COMPANY, APPELLANT.

FILED NOVEMBER 13, 1912.   No. 16,809.

1. **Waters:** IRRIGATION: REFUSAL TO FURNISH WATER: ACTION FOR DAMAGES: PARTIES. Two of the plaintiffs, being owners and holders of a water right upon which they were entitled to water from defendant's canal for irrigation, leased land to the other plaintiff and agreed to furnish him water for irrigation thereon. The tenant duly demanded that defendant furnish the water under the water right, and defendant refused, apparently contending that the water right was for some reason invalid, but made no objection that the holders of the water right had not assigned the same to their tenant or authorized him to demand and use the water thereunder. *Held*, That, after action was brought for damages caused by refusal to furnish any water under the water right, the defendant could not defend against the claim of the tenant on the ground that his landlords had not authorized him to use the water right, and, the rent being payable in kind, the landlords and tenant were owners in common of the crops and could maintain a joint action for damages thereto.

2. ———: ———: ———: ———: DEFENSES. In such case, if the landlords and tenant have recognized the lease and the tenant has farmed the land under it, it is not a valid defense for the water company that the lease was voidable as between the parties thereto because of informalities in its execution.

3. **Damages:** INJURY TO CROPS: QUESTION FOR JURY. In an action for damages to growing crops, the amount of damage is peculiarly a question for the jury. The difficulty of determining the value of the crops and the exact amount of damage thereto is not a sufficient reason for denying a recovery for a wilful injury to the crops.

4. **Appeal:** INSTRUCTIONS: FAILURE TO REQUEST. The trial court should instruct the jury as to the burden of proof, but a failure to do so

will not require a reversal of the judgment, when no such instruction was requested by the complaining party, and no prejudice appears.

5. ————: Assignments of Error: Review. It is unnecessary in this case to decide whether a general demurrer to a petition, "so far as it attempted to state a cause of action in favor of one" of several joint plaintiffs, can be considered, since the question of law which defendant desires to raise by this demurrer is presented and determined under other assignments.

Appeal from the district court for Scott's Bluff county: Hanson M. Grimes, Judge. *Affirmed.*

*Wright & Duffie,* for appellant.

*Morrow & Morrow, contra.*

Sedgwick, J.

In 1907 Ernest M. Valentine and William C. Phillips were the owners of a school-land lease of a tract of land in Scott's Bluff county and were in possession of the land under the lease, and in March of that year they leased the land in question to the plaintiff Frank Chalupa for one year from March 1. The contract was that the rent should be paid in kind, and the lessors agreed, among other things, "that the first party shall furnish water for said premises as follows: Water for alfalfa and farm land if it can be secured, but the party of the first part shall not be held responsible for any damages accruing to the party of the second part by reason of shortage of water, or by reason of an overflowage thereof." Valentine and Phillips were the owners of a water-right contract by which the grantor of the defendant agreed to furnish 80 inches of water for irrigation purposes. The defendant succeeded to the liability to furnish this water under the contract, and no question is made upon this point. The land in question was within the territory upon which the owners of the water contract might demand the use of the water. The plaintiff Chalupa, in the summer of 1907,

had growing on the land in question crops consisting of oats, spelts, wheat and alfalfa. The defendant refused to furnish water for these crops when demanded by Chalupa, and the crops were damaged for want of water. This action was brought by said Valentine, Phillips and Chalupa to recover such damages. Afterwards, upon the death of Phillips, the action was revived in the name of Helen Phillips, administratrix of his estate. The judgment was in favor of the plaintiffs, and the defendant has appealed.

1. The defendant demurred to the petition "so far as it attempted to state a cause of action * * * in favor of the plaintiff Frank Chalupa." The demurrer was overruled, and the defendant alleges that this was erroneous. The question whether a demurrer will lie to the cause of action of one of several joint plaintiffs is discussed in the briefs, but it is not necessary to a determination of this case. If Frank Chalupa had no cause of action against the defendant under the allegation of the petition, then he had no cause of action under the evidence, as the evidence follows the petition in that regard, and the questions discussed upon the sufficiency of the petition are also discussed and necessarily raised upon the sufficiency of the evidence. These questions, then, will be considered under that assignment.

2. It is contended that there was no privity of contract between the defendant and the plaintiff Chalupa, there being no evidence that the other two plaintiffs ever assigned to Chalupa any interest in the water-right contract; that Chalupa's claim for damages, if he had any, was against his coplaintiffs, and that he could not recover directly from the defendant.

"Where land is leased and rent reserved in kind or share of the crops to be raised, the landlord and tenant are tenants or owners in common of the growing crops on such land during the life of the lease." *Sims v. Jones,* 54 Neb. 769. "Tenants in common may join in an action for the possession of real estate held by one without title."

*Mattis v. Boggs,* 19 Neb. 698. "Where land is let upon shares, the owners of crops may maintain an action against third persons for unlawful trespass upon or injury to such crops. However, one joint owner cannot alone maintain such action without joining therein the other joint owners of such property, and those refusing to join in the action as plaintiffs should be made parties defendant." 24 Cyc. 1468.

Valentine and Phillips had a valid water right which they were entitled to use upon this land. They leased the land to Chalupa and agreed with him to furnish water for the land. Chalupa demanded the water from the defendant under the contract which his landlords held. There is no evidence that his landlords used the water on any other land, or demanded that water be furnished for use upon any other land. The landlords have ratified the demand of Chalupa that the water be furnished upon this land when Chalupa demanded the water. The defendant did not object that he was not entitled to use the water right, but refused to furnish water to any one under it. They cannot now change the ground of their refusal, and it does not rest with the defendant to deny that Chalupa was authorized to demand and receive the water under the contract by his lessors.

3. The lease from Valentine and Phillips to Chalupa contained the provision "that said party of the second part shall not be entitled to the possession of said premises, nor have any interest whatever therein, until this lease is signed by him and by the president or secretary of the Lincoln Land Company and delivered to said second party." The defendant now objects that the lease was invalid, because it does not appear that it was ever signed by the president of the Lincoln Land Company. There is no merit in this objection. The evidence shows that the parties under the lease regarded it as valid; that Chalupa took possession of the land under it and farmed it in accordance with the terms of the lease; and it is immaterial to the defendant whether one of the parties

to the lease might have avoided it or not, since there was no attempt to do so.

4. It is contended that the damages allowed are excessive; that the evidence will therefore not support the verdict and judgment. Several witnesses in behalf of the plaintiff, farmers and others with experience in crops and crop values, testified to the value of the growing crops before they were injured for want of water, and to the value after the injury. Upon cross-examination by the defendant these witnesses were cross-interrogated as to their means of knowledge and as to their method of computing the values. In some cases it appears that their method of computing values was fanciful and unsubstantial. This fact goes to the importance and weight of the testimony. It is not sufficient ground for disregarding their testimony entirely by the court as a matter of law. It is difficult to estimate accurately the damages as expressed in dollars and cents to a growing crop because of lack of moisture. There are other uncertainties in regard to the result of farming and crop raising than those depending upon moisture, and it is impossible to say with certainty what would be the result if sufficient water had been furnished. The difficulty in estimating the damages, however, in such cases has never been considered sufficient ground to refuse to allow compensation for damages wilfully inflicted. It presents a question peculiarly for the jury, and where the evidence is substantially conflicting as in this case, and the law is complied with in submitting the matter to the jury, their verdict must control. The judgment in this case seems to us to be quite as much as the evidence would warrant, but it is not excessive, so that we can say as a matter of law that the verdict is clearly wrong.

5. It is complained that none of the instructions of the court in direct terms told the jury "that the plaintiff, in order to establish a case, must do so by a preponderance of the evidence." The court should have so instructed the jury, and no doubt would have given such an instruction

34

if it had been presented and requested. The duties of a trial court in jury trial are quite exacting, and, if the defendant discovers such an omission as this, fair dealing requires him to call the attention of the trial court to the matter. Not having done so, he ought not afterwards to be allowed to subject the parties to costs and vexation of another trial.

No substantial error appearing in the record, the judgment of the district court is

AFFIRMED.