Kinkade, J.
 

 Clifford Headers, doing business in Cleveland as the Cadillac Auto Livery,, secured a
 
 *430
 
 policy of insurance from the plaintiff in error, the Commonwealth Casualty Company, indemnifying him against injuries to persons and property arising from the negligent operation of any of his motor vehicles. Headers paid the premium for this policy of insurance, $425. The policy required Headers to give immediate notice to the insurance company of the beginning of any action against him for the recovery of damages arising* from the negligent operation of his cars. During the life of the policy, an action was brought by Frank Malacek against Headers for damages arising out of an assault and battery committed on Malacek by one of Headers’ drivers. Due notice was given by Headers to the insurance company of the beginning of this. action. The insurance company investigated the matter and determined that the injury for which recovery was sought was not one falling under the terms of the insurance policy issued to Headers, and therefore the insurance company notified Headers that the company would not defend the action for that reason. Thereupon Headers employed other counsel to defend him in this case. At the first trial of that action the jury disagreed. At the second trial, a verdict and judgment were returned and entered in favor of Headers, on the ground that Headers was not liable for' the willful tort of one of his drivers. The attorneys employed by Headers to defend this action rendered a bill against Headers for $644, for professional services in that case. After a refusal of the insurance company to reimburse Headers for this outlay made by him, Headers brought this action in the municipal court of Cleveland to recover that sum. The case was heard upon
 
 *431
 
 an agreed statement of facts, supplemented by the testimony of Headers. Headers’ testimony was to the effect that he paid the amount stated to the attorneys employed, and that the amount was a reasonable charge.
 

 At the close of all the evidence, the insurance company demurred to the evidence and ,the statement of claim, and moved the court to direct the jury to return a verdict for the insurance company on the ground that there was nothing shown to give rise to any legal liability for these charges as against the insurance company. This motion was overruled and exceptions saved.. The Court of Appeals affirmed the judgment entered in the municipal court in favor of Headers and against the insurance company.
 

 The agreed statement of facts provides that the statement of claim as filed in the municipal court against Headers by Malacek might be read in evidence in this action by Headers against the insurance company, and that statement forms a part of the bill of exceptions. In that statement Malacek says that at the request of one Frank Farker, he entered one of the cabs of Headers, and that when the cab reached a certain named street-crossing the driver' of the cab, Gibbons, got into some altercation with Farker about the payment of the cab fare, and that thereupon he, Malacek, urged the two men not to fight over the matter in dispute, whereupon and without further provocation the driver of the cab, Gibbons, assaulted Malacek, doing him serious'bodily injury. Whether this occurred while Malacek was in the cab, and before the relation of passenger and carrier had ended, or was after he had left the cab
 
 *432
 
 and the relationship had ceased, does not appear. It may not be material here. There is no evidence in the case that Malacek had engaged the cab, or in any way obligated himself to pay any part of the cab hire, or that he had been asked by the cab driver .to enter the cab to be carried to any given point. All he says is that at the request of Farker he stepped into the cab. Where the cab then was is not shown, nor does it appear that Farker was himself in the cab at the time. It only appears that when the cab arrived at a given place the assault and battery took place as stated. It does not appear that any part of the fare in dispute was to cover the carriage of Malacek from the point where he entered the cab to the point of dispute. The evidence shows that the assault and battery was the willful act of the driver, was entirely beyond his authority as driver of the cab, and was in no wise authorized or encouraged or participated in by his employer.
 

 The sole question of importance in the case is whether the injury inflicted was covered by the terms of the insurance policy. We think the trial court might very properly have directed a verdict for the insurance company, for the reason that the evidence wholly failed to sustain the claim of the plaintiff in that action; but the conclusion we have reached in this case makes it unnecessary to say anything further about the sufficiency of the evidence. The legal question presented is determinative of the whole case. The policy covers accidental injuries, and the term “accidental” in this policy must be interpreted in the same manner as that term would be interpreted in any ordinary accident policy; that is to say, an injury or death does not
 
 *433
 
 occur "by accident when it results from willful, intentional, personal violence inflicted by another. The situation is not strengthened any in behalf of the defendant in error by reasoning that anything is an accident that is. out of the ordinary and unexpected. There is no doubt that this assault and battery was wholly unexpected and was quite out of the ordinary, but that does not constitute, it an accident. The trouble with that position is that the character of the act is distinctly and positively settled by the evidence in the case. The parties are not in dispute at all in any way-about this subject. It was a clear case of assault and battery, willfully and intentionally inflicted. Surely no one would claim that a party holding an ordinary accident insurance policy covering all forms of external accidental injuries could recover under such a policy damages sustained by reason of a willful and intentional injury inflicted by another. That kind of an injury would afford no better ground for a recovery than would an injury self-inflicted.
 

 We have no difficulty in reaching the conclusion that the damages sustained in this case by the injured party were not damages arising from a cause covered by the terms of the insurance policy issued to Headers. If the insurance company was not required under this policy to reimburse Headers for damages recovered against him, if any had been recovered, by reason of this assault, then manifestly the insurance company could not be obligated thereby to reimburse Headers for attorneys’ fees paid by him in defending an action of the kind here mentioned. The conclusion of the insurance coippany that the policy did not cover these injuries was cor
 
 *434
 
 rect. The trial court should have granted the motion of the insurance company for a directed verdict in its favor. The judgment of the Court of Appeals will be reversed, and the judgment will be entered here in favor of the insurance company which should have been entered in the trial court.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Marshall, C. J., Day, Allen, Robinson, Jones and Matthias, JJ., concur.