THOMAS KILPATRICK & COMPANY, APPELLEE, V. LONDON GUARANTEE & ACCIDENT COMPANY, APPELLANT.

FILED JUNE 5, 1931. No. 27598.

*Kennedy, Holland, DeLacy & McLaughlin*, for appellant.

*Morsman & Maxwell*, contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

DAY, J.

This is an action upon a public liability policy of insurance, brought by the insured against the insurance company. The plaintiff seeks to be indemnified for an amount paid upon a claim for damages and for which the company denies liability. The company appeals from a judgment.

A woman was caught shoplifting in the store of plaintiff. She was taken to a private room on the third floor of the store building, where she was questioned by the officers of the plaintiff. They stepped outside of the door of the room to discuss and determine whether or not they would arrest her. When, after a brief interval, they re-entered the room, she was gone. Looking out of the open window, they saw her lying on the sidewalk. There is no direct evidence as to how the accident happened. Plaintiff called a doctor who gave the woman medical attention. Later, the doctor sued the plaintiff and obtained judgment for his services. The insurance company refused to defend the doctor's suit, claiming the accident was not covered by its policy. The deceased woman's legal representative brought suit against the plaintiff, claiming damages based upon negligence. Plaintiff gave the insurance company no notice of this suit, but the company knew such

suit had been commenced. In that suit judgment was entered, and this judgment, as well as the judgment in the doctor's suit, having been paid by plaintiff, it brought this suit against the company to recover the amount paid on the two judgments.

Among other things, the appellant complains of the giving of this instruction to the jury: "The jury are instructed that the accident to Mrs. Lipp on October 19, 1925, which resulted in her death was an accident within the meaning of the policy of insurance issued by defendant to plaintiff." The obligation of the insurance company as defined by the policy is that as respects bodily injuries, including death suffered or alleged to have been suffered as the result of accidents occurring, to defend any claim or suit against the assured, even if groundless, to recover damages on account of such injuries and to pay the loss from liability imposed by law upon the insured for damages on account of such injuries, and, in addition, to pay (a) for the immediate surgical aid made necessary by such accidents, and (b) all expenses incurred by the company for investigation, negotiation and defense for claims and suits for damages on account of such injuries. There is no question in this case that Mrs. Lipp fell from the third story window of Thomas Kilpatrick & Company's store to the sidewalk below, and that as a result of said fall she was fatally injured. That was an accident within the meaning of the insurance policy. In this case the court so instructed the jury, but did not instruct them that this was an accident for which the insured was liable. Under the contract, it appears that the insurance company insured the plaintiff herein against any claim or suit, for damages resulting from accidents, even if groundless. In *Western Travelers Accident Ass'n v. Holbrook*, 65 Neb. 469, it was held: "When it has been sufficiently established by circumstantial evidence that a person has suffered injury by reason of falling from a dangerous height, it will be presumed, in the absence of evidence to the contrary, that

the fall was accidental." See, also, *Railway Officials & Employees Accident Ass'n v. Drummond*, 56 Neb. 235, wherein this court held: "An accident, within the meaning of contracts of insurance against accidents, includes any event which takes place without the foresight or expectation of the person acted upon or affected thereby." The instruction complained of correctly informed the jury that the injury of Mrs. Lipp was an accident within the meaning of the policy.

The appellant casually complains that the court erred in not giving any instruction on the burden of proof. No instruction was requested upon this matter. "The trial court should instruct the jury as to the burden of proof, but a failure to do so will not require a reversal of the judgment, when no such instruction was requested by the complaining party, and no prejudice appears." *Chalupa v. Tri-State Land Co.*, 92 Neb. 477. We have examined the instructions carefully, and while there is no specific charge to the jury upon the question of the burden of proof, the instructions taken as a whole would cast that burden upon the plaintiff, and it does not appear that the appellant was in any way prejudiced by the failure of the court to give an instruction including the term "burden of proof."

It is undisputed that, when the personal representative of Mrs. Lipp, deceased, filed suit against the appellee, who was insured, to recover for damages by reason of the accident, the summons was not forwarded to the insurance company and that no notice was given to the company. The policy provides that the assured "shall forward to the company or its authorized agent * * * every summons and other process in suits as soon as served upon him." The plaintiff contends that it was excused from sending the summons in the case of Lipp v. Thomas Kilpatrick & Company, in which case they paid a judgment, for the reason that previously the insurance company had denied all liability upon the policy. The evidence as to whether or not the defendant had denied liability on the

policy to the plaintiff was in sharp conflict. Two witnesses, Mr. Morsman and Mr. Baxter, attorney and president of the plaintiff company, respectively, testified that they had repeatedly orally demanded to know the position of the company; that they had written a letter to the agent of the company demanding an answer in writing as to the position of the company as to liability on the policy; that they received no letter or written statement as to the position of the company, and that the agent of the company denied all liability under the policy. On the other hand, Mr. Rance, the agent of the company, stated that he informed Mr. Baxter and Mr. Morsman that whether or not their policy covered this accident depended upon the kind of claim that was made against Kilpatrick & Company, and that when suit was commenced they would determine whether or not it was their duty to defend. This is denied by Morsman and Baxter. The action by the doctor, who rendered first aid, was brought after the suit for wrongful death. Thomas Kilpatrick & Company forwarded the summons in that case to the insurance company, who denied liability in a letter as follows: "We are returning herewith the petition and summons in the case of Dr. N. H. Attwood v. Thomas Kilpatrick & Company, a corporation, for the reason that our policy does not cover this action and, consequently, we cannot take care of it." This was a circumstance which, in connection with all the other evidence, would tend to establish a course of conduct consistent with the contention of Thomas Kilpatrick & Company. Whether or not the company had denied liability was a question of fact to be determined by the jury, which was by the verdict resolved in favor of the plaintiff. The plaintiff in this case complied with the provisions of the policy providing that the assured shall forward to the company or its authorized agent written notice of every accident as soon as practicable and prompt notice of every claim. The Kilpatrick company promptly notified the insurance company of the accident and prompt-

ly notified the company that claim had been made against the company for damages as a result of the accident.

Was the insurer released from liability because the assured did not forward the summons to the company or their agent? An analogous situation, we think, is presented by the cases where an insurer has denied liability, and it has been held in such a case that "Waiver of proofs of loss may be made before suit brought by the insurer's unconditional denial of its liability for the loss." *Omaha Fire Ins. Co. v. Hildebrand,* 54 Neb. 306. The reason for the rule is that it would be a useless thing to notify the company in face of its denial of liability. In *Lowe v. Fidelity & Casualty Co.,* 170 N. Car. 445, the company defended on the ground that the insured failed to forward to defendant the summons and process served on the insured when the action was commenced. In that case the failure to give satisfactory notice was sought to be excused on account of the fact that the insurance company had theretofore refused and declined to recognize any liability under the terms of said policy. The insurance company contended that they did not intend to deny all liability to the insured upon the contract, but only a denial of the liability of the insured for the death. The court found that the defendant denied its liability upon its contract to the insured. The court said: "Consequently, the insured was relieved from the duty of forwarding the process served on it. An insurance company cannot deny all liability under a contract of insurance and then be heard to say, after it has repudiated the contract, that assured should have given it notice when the action was instituted, so that it could have defended the action in accordance with the terms of the contract. Having denied any liability under the policy, it was neither necessary nor proper to notify defendant again." Paraphrasing the language of these cases, we find the rule applicable to the case at bar to be: An insurance company whose policy provides that the assured shall forward to the company

every summons and other process in suits as soon as served upon him waives compliance with such provision by an unconditional denial of its liability. The insurer having denied any liability under its contract, it is neither necessary nor proper to notify him again.

The insurance company also seeks to avoid liability in this case because of a provision in its policy which provided as follows: "The company shall have the right to settle any claim or suit at its own cost, and the assured shall not incur any expense (other than for said immediate surgical aid) nor settle any such claim or suit except at his own cost, without the written consent of the company." Assuming for the purpose of the consideration of this position that the assured in this case settled the claim in question, does this fact relieve the company of liability under its contract? In *St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co.*, 201 U. S. 173, the court said: "An insurance company issued its policy insuring the assured against statutory and common-law liability for damages caused by negligence of insured or its employees, the insured to give immediate notice of any accident to the company, which agreed to defend any suit for damages brought against the assured, the latter not to make any settlement without the company's consent, and not to bring any action under the policy except for loss actually paid in satisfaction of judgment after trial. After an accident of which notice was duly given the assured was sued and the company refused to defend on the ground that the accident was not within the risks assumed. The assured to avoid heavy judgments settled the suits out of court and sued the company. Held, that the refusal of the company to defend the suits constituted such a breach of the contract that it released the assured from the agreement not to settle the claim without its consent and amounted to a waiver of the condition that it was only liable for judgment rendered against the assured after trial and satisfied." In *Royal Indemnity Co. v.*

*Schwartz*, 172 S. W. (Tex. Civ. App.) 581, it was held that the insurer, after repudiating its obligation to defend, was estopped to set up a failure of the insured to obtain its consent in writing before incurring expenses for fees which were paid by insured in defense to a suit against him. In *Interstate Casualty Co. v. Wallins Creek Coal Co.*, 176 S. W. 217 (164 Ky. 778), it is said: "A policy of employer's liability insurance provided that the insurer should not be responsible for settlements made by insured not specially authorized in writing by the insurer, and agreed to investigate all claims and defend all suits. The employer, having become liable to an employee for personal injuries, duly notified the insurance company, who investigated the case, but took no further steps in the matter, nor did it repudiate liability. After a delay of three months the employer settled the claim for a reasonable amount, and brought suit for reimbursement against the insurance company. Held, that the insurer was estopped to rely on the stipulation forbidding settlement." In *Mayor, Lane & Co. v. Commercial Casualty Ins. Co.*, 155 N. Y. Supp. 75, a condition of this kind was held to be limited to cases wherein the insurer performs its contract requiring it to defend accidents against the insured, and the latter was held not precluded from recovery because he settled an action against him after insurer had refused to defend it. In *Fullerton v. United States Casualty Co.*, 184 Ia. 219, it was held that an assurer who abandoned its obligation to defend could not defeat recovery for money paid by the insured in settlement of the claim, although the policy provided for a recovery only when the payment by the insured was in satisfaction of the judgment. In *Butler Bros. v. American Fidelity Co.*, 120 Minn. 157, it was said that an insured in such a situation as occasioned by the insurer's breach of duty to defend or settle need not go to trial and risk being subjected to a verdict in excess of his insurance. A provision that " 'the company is not responsible for any settle-

ments made or expenses incurred by assured, unless * * * authorized in writing by the company,' * * * can only apply where both parties were proceeding under and in accordance with the terms of the policy. It has no application where the company, in direct violation of the terms of the policy, refuses to defend the action against the insured." *Rosenberg v. Maryland Casualty Co.*, 3 N. J. Misc. Rep. 1132. An insurance company, by denial of its liability under an automobile indemnity policy and refusal to settle or defend an action against insured as agreed, "breached the contract and released the insured from its agreement not to settle the claim without written consent of the insurer and waived a clause in the policy under which actual trial of the issue was made a condition precedent to a recovery against it." *Independent Milk & Cream Co. v. Aetna Life Ins. Co.*, 68 Mont. 152.

In the case at bar, whether or not the insurance company had denied all liability was a question of fact upon which the evidence was conflicting, therefore the verdict of the jury that the company had denied all liability is conclusive. An indemnity insurance company obligated to defend suits against the insured, even if groundless, breaches its contract by a denial of liability as to an accident and thereby releases the insured from an agreement in the policy not to settle any claim. In such a case, the insured is not compelled to go to trial and risk the hazard of a large judgment, but is justified in making a favorable settlement.

There is a suggestion that the settlement in this case made by the insurer was surrounded by some element of fraud. An examination of the record does not sustain this contention. An accident had occurred and Thomas Kilpatrick & Company was anxious to have the matter disposed of. It notified the insurance company of the accident and requested it to take charge of the claim which had been made against it as a result thereof. The insurance company through its agent had denied liability, at least, even according to the statement of its agent, it questioned its

liability. The insured employed competent attorneys who negotiated with the claimant and who were of the opinion that there was liability on the part of the insured. Accordingly, they negotiated a settlement. It was a claim for wrongful death which could only be prosecuted by the administrator for the estate of the deceased. It was necessary that a suit be filed and that a judgment be entered by the district court in order to make an effective and binding settlement. The attorney for the administrator prepared a petition and submitted it to the attorneys for the defendant. The attorney for the insured made some suggestions relative to the petition and the same was redrafted in his office. The insurance company bases its claim of fraud upon this fact. It is doubtful whether the insured would have been released or protected by a settlement made by the payment of a judgment upon a petition which did not state a good cause of action. It was the duty of the attorneys for Thomas Kilpatrick & Company to see that it was protected by a proper judgment. The petition was filed and the insured filed an answer denying liability. Subsequently, an order and judgment was entered by the court as follows:

"This cause coming on to be heard on this 5th day of April, A. D. 1926, and the parties appearing in open court and being represented by their attorneys, a jury was waived, and trial had to the court.

"The court having heard the testimony does now find in favor of the plaintiff and against the defendant and assesses the plaintiff's damages at the sum of two thousand one hundred thirty-four and 25/100 ($2,134.25) dollars.

"Wherefore, it is now ordered and adjudged that the plaintiff, Arthur H. Lipp, Administrator of the Estate of Myrtle May Lipp, deceased, do have of and recover from the defendant, Thomas Kilpatrick & Company, a corporation, the sum of two thousand one hundred thirty-four and 25/100 ($2,134.25) dollars and costs of suit, and that execution issue therefor. By the Court, Charles A. Goss, Judge."

This judgment was paid by the insured. It is noted that this was not a judgment entered by consent or agreement, but was entered by the court after hearing testimony in the case.

A provision of the policy is that the insurer shall not be liable for any expenses incurred by the assured unless they are specifically authorized in writing by the insurer, except that the insured may incur expense for immediate surgical aid. In this case the insured provided immediate and necessary surgical aid. The insurance company refused to pay the claim and subsequently refused to defend the suit of the doctor against the insured. It was the duty of the insurance company under this policy to pay the expenses incurred, and the action of the trial court in directing a verdict in favor of the insured for the amount it was compelled to pay upon the judgment secured against it by the doctor for immediate surgical aid was required.

There is no prejudicial error in the record, and the judgment is

AFFIRMED.