AMERICAN CASUALTY CO. *v.* BRINSKY ET AL.

(Decided August 31, 1934.)

*Messrs. Tuttle & Hubbard* and *Mr. E. A. Binyon,* for plaintiff in error.

*Messrs. Giblin & Giblin,* for defendants in error.

LYNCH, J. This case is here on error from the Court of Common Pleas of Lake county.

The defendant in error, Louis Brinsky, brought an action in the Common Pleas Court against Max Meyer, Sam Silekovitz and Fro-Joy Baker-Tabor Ice Cream Company, and obtained a judgment against said Max Meyer and Sam Silekovitz.

The defendant in error, Louis Brinsky, was riding in a truck owned and operated by the defendants, Meyer and Silekovitz, when the same collided with a truck owned by the Fro-Joy Baker-Tabor Ice Cream Company, injuring defendant in error Brinsky.

It was alleged in the petition in the case that the defendants, Meyer and Silekovitz, negligently, carelessly, willfully and wantonly drove their automobile into the truck of the ice cream company. A jury was waived, the case came on for trial and was sub-

mitted to the court upon the pleadings and the evidence. The judgment entry reads:

"This day being a day in the September Term of Court, the following proceedings were had herein, to-wit:

"This 6th day of December, 1933, this cause came on for hearing, a jury being waived, to the court on the pleadings and evidence, and was argued by counsel. And the court finds that the allegations of plaintiff's petition as against the defendants, Max Meyer and Sam Silekovitz, are true, and that said defendants were guilty of *wilful* and *wanton* conduct which directly and proximately caused plaintiff's injuries * * * *."

It is not necessary to set forth the balance of the entry, which relates to the other defendants in error.

Thereafter, on January 12, 1934, the defendant in error, Brinsky, filed a supplemental petition in the same action against plaintiff in error, the American Casualty Company, alleging that at the time he sustained his injuries the defendants, Meyer and Silekovitz, against whom he obtained his judgment, carried a liability policy or contract with plaintiff in error, obligating it to pay the judgment so rendered. This supplemental petition was filed in the original action for the reason that our legislature last year enacted a measure (115 Ohio Laws, 403, Section 9510-4, General Code) which became effective October 4, 1933, changing the law and requiring a supplemental petition to be filed in the original action where such liability is alleged against an insurer. Issue was joined by proper pleadings upon this supplemental petition, the case was determined, and it is now before us on a petition in error.

In the trial in the court below on the supplemental petition a judgment was rendered in favor of the defendant in error, Brinsky, against plaintiff in error.

In the bill of exceptions we find a copy of the policy, or insurance contract, the first paragraph of which reads as follows:

"1. To insure the person, firm or corporation named in the attached Declarations (hereinafter called the named assured), against loss from the liability imposed by law upon the assured, for damages on account of bodily injuries, including death resulting therefrom, *accidentally* suffered or alleged to have been suffered by any person or persons not hereinafter excepted by reason of the ownership, maintenance or use, for the purpose named in the Declarations, of any automobile insured herein."

The judgment of the court below was incorrect in our judgment for the reason that the record shows that the judgment against the plaintiff in error is not one for injuries accidentally suffered, in so far as the insured named in said liability policy is concerned.

Having well in mind the rules that apply in construing contracts of this character we have approached with care a solution of the question here presented, bearing in mind that in rendering judgment in favor of defendant in error Brinsky the court expressly found that the defendants, the insured, against whom his judgment was originally rendered, were guilty of *wilful* and *wanton* conduct. It is to be observed that the conjunctive "and" and not the disjunctive "or" is used in the finding of the court; so, if the finding and judgment of the court rendering the original judgment have determined that the defendants were guilty of wilful conduct, the question presented is a narrow one and is confined to a determination whether, when the insured wilfully injures another in the use of his automobile, the insurer, plaintiff in error here, is liable for the payment of the judgment rendered by reason thereof. The terms "wilful negligence" and "wanton negligence" have given the courts and the

bar of Ohio a great deal of concern in the past. Recently, however, our Supreme Court, in the case of *Reserve Trucking Co.* v. *Fairchild,* 128 Ohio St., 519, 191 N. E., 745, has to a very great extent analyzed and decided the question here involved. Quoting from the syllabus of that case:

"The term 'wilful tort' implies intent or purpose to injure.

"The term 'wanton negligence' implies the failure to exercise any care for the safety of those to whom a duty of care is owing when the wrongdoer has knowledge of the great probability of harm to such persons which the exercise of care might avert and exhibits a reckless disregard of consequences."

So we find there is a clearly marked difference between the terms "wilful negligence" and "wanton negligence." A thing is wilful when it is intentionally done. One is guilty of wanton negligence in doing a thing when he fails to exercise any care at all for those to whom he owes some duty. In the instant case it has been adjudicated, determined and found that the persons against whom this judgment was rendered, the insured, were guilty of wilful conduct. In other words, under the solemn finding and judgment of the court below they "wilfully" ran into the truck, injuring the defendant in error, Brinsky. It cannot now be held in this state that the words "wilful" and "wanton" are synonymous. They are different. This is made clear in the third paragraph of the syllabus in the case of *Reserve Trucking Co.* v. *Fairchild, supra,* in the following language: "The terms 'wilful' and 'wanton' are not synonymous."

This same insurance policy or contract is used quite generally in the United States.

We believe our Supreme Court in a case decided a few years ago settled the principle involved in this case. We refer to the case of *Commonwealth Casualty*

*Co.* v. *Headers,* 118 Ohio St., 429, 161 N. E., 278. We will not take time to quote at length from that case, as counsel are familiar with it. However, we will read briefly from the opinion of Kinkade, J., at page 432:

"The sole question of importance in the case is whether the injury inflicted was covered by the terms of the insurance policy. We think the trial court might very properly have directed a verdict for the insurance company, for the reason that the evidence wholly failed to sustain the claim of the plaintiff in that action; but the conclusion we have reached in this case makes it unnecessary to say anything further about the sufficiency of the evidence. The legal question presented is determinative of the whole case. The policy covers accidental injuries, and the term 'accidental' in this policy must be interpreted in the same manner as that term would be interpreted in any ordinary accident policy; that is to say, an injury or death does not occur by accident when it results from willful, intentional, personal violence inflicted by another. The situation is not strengthened any in behalf of the defendant in error by reasoning that anything is an accident that is out of the ordinary and unexpected. There is no doubt that this assault and battery was wholly unexpected and was quite out of the ordinary, but that does not constitute it an accident. The trouble with that position is that the character of the act is distinctly and positively settled by the evidence in the case."

We digress to observe that in our judgment the question as to whether the injuries were wilfully inflicted was determined by the trial court.

We continue reading from the opinion in the *Commonwealth Casualty* case:

"The parties are not in dispute at all in any way about this subject. It was a clear case of assault and battery, willfully and intentionally inflicted. Surely

no one would claim that a party holding an ordinary accident insurance policy covering all forms of external accidental injuries could recover under such a policy damages sustained by reason of a willful and intentional injury inflicted by another. That kind of an injury would afford no better ground for a recovery than would an injury self-inflicted.''

We believe the above case is determinative of the question here involved; but we desire to observe that industrious counsel handed to us at the time the instant case was presented a copy of the record in the cited case, which contained a copy of the policy, and for all practical purposes the first provision in the policy is identical with the clauses here involved.

For the reason stated the judgment of the Court of Common Pleas is reversed at the costs of the plaintiff in error.

*Judgment reversed.*

ROBERTS and SMITH, JJ., concur.