[No. 26065. Department One. August 21, 1936.]

WILLIAM H. WESTERLAND, *Respondent*, v. THE ARGO-
NAUT GRILL, *Defendant*, GREAT AMERICAN
INDEMNITY COMPANY OF NEW YORK,
*Appellant*.[1]

*Roberts & Skeel* and *W. R. McKelvy,* for appellant.
*Colvin & Rhodes,* for respondent.

MITCHELL, J.—William H. Westerland brought suit
against The Argonaut Grill, a corporation, to recover
damages on account of personal injuries alleged to
have been sustained while patronizing the grill. In
that suit, he alleged that, without justification, he had
been assaulted and severely beaten by one Reed, who
at that time was engaged in the course of his employ-
ment as headwaiter and night manager of the grill.
The trial of the case resulted in a verdict for the plain-
tiff. A judgment on the verdict was affirmed on ap-

[1]Reported in 60 P. (2d) 228.

peal. *Westerland v. Argonaut Grill,* 185 Wash. 411, 55 P. (2d) 819.

The judgment not being paid, Westerland instituted the present proceedings in garnishment against the Great American Indemnity Company of New York, a corporation. The pleadings and proof brought out the fact that The Argonaut Grill, as the named assured, held a policy of liability insurance issued by the garnishee defendant, which was in force at the time the plaintiff was injured. The garnishee defendant, admitting the insurance contract, denied that it covered the injury suffered by the plaintiff or afforded the assured any protection against this type of action by Westerland. Upon trial, findings, conclusions and judgment were entered in favor of the plaintiff. The garnishee defendant has appealed.

The portion of the contract upon which the rights of the parties must be determined is the agreement of the company with the named assured,

"To pay all sums which the Assured shall become liable to pay as damages imposed by law arising out of bodily injuries, including loss of services, or death at any time resulting therefrom, suffered or alleged to have been suffered as a result of accidents occurring during the period of this policy by any person or persons not in the employ of the Assured while within or upon the premises described in Statement 3 of the schedule forming part hereof or upon the sidewalks or other ways adjacent thereto, or elsewhere if caused by the Assured's employees while engaged in the course of their employment . . ."

To state it another way, as applied to the facts in this case, the insurance company agreed to pay all sums which The Argonaut Grill shall become liable to pay as damages imposed by law, arising out of bodily injuries suffered, or alleged to have been suffered, as a result of accident, by any person not in the employ of

the assured, caused by The Argonaut Grill's employees while engaged in the course of their employment.

The evidence clearly preponderates in favor of the court's finding to the effect that, at the time in question, The Argonaut Grill operated and maintained a restaurant and beer-room to which the public was at all times invited; that, at that time, the respondent was patronizing the grill when one Chris Reed, an employee, as night manager and head waiter in charge of the place of business, unjustifiably struck the respondent with a "sap" or "blackjack" and destroyed respondent's left eye. It further appears that the assault occurred without any connivance, consent or knowledge on the part of the named assured.

Was respondent's bodily injury suffered as a result of accident, within the meaning of the contract of insurance?

An injury may be said, subjectively, not to be accidental, although, objectively, it is. Whatever may be said of a bodily injury caused by the kick of a mule or the bite of a snake, as to its being accidental, from the standpoint of the mule or the snake, it cannot be doubted that it would be accidental from the standpoint of the person receiving the injury. The language in the contract in the present case does not purport to cover bodily injuries accidentally *caused* by the assured's employees, but, on the contrary, it covers bodily injuries *suffered* by any person not in the employ of the assured, as the result of accident caused by the assured's employees while engaged in the course of their employment. The injury here came to the respondent through external, unexpected force, not by his choice or provocation, and, as to him, it was accidental.

Contending that respondent's injury was not covered by the contract, appellant cites certain authori-

ties that may be somewhat discussed. First is the case of *Briggs Hotel Co. v. The Zurich G. A. & L. I. Co.,* 213 Ill. App. 334 (intermediate appellate court). In that case, one Eddy sued the hotel company in trespass, alleging that the hotel company, by wilful and malicious assault and beating of the plaintiff, inflicted injuries for which judgment was demanded. It was alleged that the beating occurred on the sidewalk adjacent to the hotel, which sidewalk was within the premises described in an indemnity policy of insurance held by the hotel company. Notwithstanding request by the hotel company, the insurance company refused to defend in that action, claiming that the injuries received by Eddy were not within the terms of the policy. The hotel company successfully defended the Eddy suit and then brought action against the insurance company to recover the costs of that defense. The terms of the policy to indemnify the hotel company are not fully set out in the opinion, although the matter of "bodily injuries accidentally suffered" is mentioned therein. The hotel company was not allowed to recover against the insurance company. There was nothing in the policy indemnifying the assured, the hotel company, against losses and expenses occasioned by its own wilful and wanton assault and battery inflicted upon another, or any other personal misconduct on its part. True, in the opinion, the court discussed what is meant by injuries accidentally suffered. However, we are not persuaded by the discussion, in and of itself; and, besides, it appears to us that the discussion was unnecessary, because the contract of insurance in that case did not cover any misconduct on the part of the assured, the person sued by the one injured. The case is not applicable here.

The next case cited is *Washington Theatre Co. v. Hartford Accident & Indemnity Co.,* 9 N. J. Misc. 1212,

157 Atl. 111. In that case, a patron, Catherine Manno, sued the theatre company because she had been assaulted in the theatre by an intoxicated patron of the theatre. The basis of the action was negligence, in that the officers and employees of the theatre company did not use proper care to protect her. The theatre company held a liability insurance policy issued by the Hartford Accident & Indemnity Company in which the insurance company agreed

". . . To pay any loss by liability imposed by law upon the assured for bodily injuries . . . accidentally sustained . . . by any person not employed by the assured, . . ."

The insurance company refused to take charge of the defense on behalf of the theatre company. Thereafter, the theatre company sued the insurance company and recovered judgment for its expenses in the Manno suit. In the opinion (consisting only of an affirmation of a written opinion of the trial judge set out in full in the opinion), mention is made of the subject "injuries accidentally sustained," which statements of the court are now seized upon by the appellant in the present case. Those statements, however, are indefinite and unsatisfactory, in view of the positive and final holding that:

"The injuries sustained would be the result of negligence *and insofar as the victim is concerned, such injuries would be accidentally sustained,* just as much as though the patron had fallen from a defective seat or through a defective trap door.

"The Manno action against the plaintiff, therefore, being based on negligence was one within the contemplation of the contract of insurance, on which the defendant was bound to defend in plaintiff's behalf and for its failure to do so it is liable in damages to the plaintiff for the expense plaintiff incurred in defending itself." (Italics ours.)

The next case relied on by the appellant is *Commonwealth Casualty Co. v. Headers,* 118 Ohio St. 429, 161 N. E. 278, wherein an assured sued to recover for expenses in an action on tort committed by an employee of the assured. The language of the policy is not given, but the syllabus speaks of it as

"An insurance policy which undertakes to indemnify the insured against loss by reason of judgments recovered against the insured by parties accidentally injured, either in person or property, by reason of the negligent operation only of motor vehicles belonging to and operated by the insured, . . ."

In the case, one Malacek entered a cab belonging to the assured, at the request of one Farker, a passenger. Farker and the driver got into an altercation about payment of the fare, whereupon Malacek urged them not to fight. Thereupon the driver, without provocation from Malacek, assaulted and beat him. Whether the assault occurred before or after the person assaulted had left the cab, did not appear, nor did it appear that any fare had been paid by or for Malacek. It is stated in the opinion that:

"The evidence shows that the assault and battery was the willful act of the driver, was entirely beyond his authority as driver of the cab, and was in no wise authorized or encouraged or participated in by his employer."

for which reason the court said:

"We think the trial court might very properly have directed a verdict for the insurance company, for the reason that the evidence wholly failed to sustain the claim of the plaintiff in that action; . . ."

Having first decided that the evidence was insufficient upon the merits of the case, we are not inclined, for that and other reasons, to follow the court's decision upon the legal question involved in the term "accidental injuries," found in the insurance contract.

The case of *American Casualty Co. v. Brinsky,* 51 Ohio App. 298, 200 N. E. 654 (intermediate appellate court), relied on by appellant, cites and follows the case of *Commonwealth Casualty Co. v. Headers, supra.*

Appellant cites *Sontag v. Galer,* 279 Mass. 309, 181 N. E. 182. In that case, plaintiff had a judgment against Ida Galer for personal injuries and then sued to establish the indebtedness against the insurance company to Galer on a liability insurance policy issued to her, and to have the proceeds of that policy applied in satisfaction of the judgment. The policy undertook to indemnify the assured against loss from liability for damages on account of bodily injuries accidentally sustained by any person on the premises of the assured. Nothing further of the contract in this respect can be gathered, except as the opinion discusses it. The judge who tried the personal injury action found that Mrs. Galer maliciously and recklessly threw a cooking utensil, striking a boy on the head, causing injuries for which the personal injury suit was brought. It was held that the plaintiff could not recover against the insurance company for the reason that injuries inflicted by the assured herself were not within the terms of the policy. Nevertheless, the court then speaks of the meaning of the words ''accidental bodily injury,'' saying that the rule in that state is to view the matter from the standpoint of the one who causes the injury rather than of the one who, without fault, receives the injury.

Our conclusion, however, is that such cases as *Georgia Casualty Co. v. Alden Mills,* 156 Miss. 853, 127 So. 555, 73 A. L. R. 408, state the correct rule with respect to this provision in contracts of insurance. In that case, the court said:

''The question, therefore, is whether a person who has been assaulted and injured by another, without any

provocation on his part, has suffered an accidental injury. There is a diversity of opinion on this question among the courts, but the great weight of authority, and we think the better reasoned cases, holds that injuries sustained by a person while defending himself from an unprovoked assault are within the terms of a policy insuring him against injury accidentally inflicted—that an injury inflicted on one who did not voluntarily enter into the affray in which he was injured is an accident. *Fidelity Co. v. Johnson,* 72 Miss. 333, 17 So. 2, 3, 30 L. R. A. 206; *Stephens v. Ry. Co.,* 75 Miss. 84, 21 So. 710; *Hutson v. Continental Casualty Co.,* 142 Miss. 388, 107 So. 520; *Holmes v. American, etc., Ins. Co.,* 142 Miss. 636, 107 So. 867; *Provident, etc., Co. v. McWilliams,* 146 Miss. 298, 112 So. 483; *Great Southern, etc. v. Campbell,* 148 Miss. 173, 114 So. 262; 56 A. L. R. 681; 14 R. C. L. 1255. . . ."

And further in the same case it was stated:

"Whether an injury is accidental, is to be determined from the standpoint of the person injured. If the injury comes to him through external force, not of his choice or provocation, then as to him the injury is accidental."

A more recent case in Mississippi, *Robinson v. United States Fidelity & Guaranty Co.,* 159 Miss. 14, 131 So. 541, criticizes *Briggs Hotel Co. v. The Zurich G. A. & L. I. Co., supra,* and *Commonwealth Casualty Co. v. Headers, supra,* relied on by the appellant, stating, in effect, that those cases are not in accord with reason and authority.

To the same effect is the case of *Fox Wisconsin Corp. v. Century Indemnity Co.,* 219 Wis. 549, 263 N. W. 567. The holding in that case is succinctly stated in the syllabus, as follows:

"Injury to patron of theater against whom an assault was committed by servant of theater owner, for which theater owner was held liable through doctrine of respondeat superior, was 'accidentally sustained'

within policy indemnifying theater owner against loss by reason of liability imposed by law upon theater owner for damages because of bodily injuries 'accidentally sustained' by person other than employees.'' [263 N. W. 567.]

The state of Nebraska has the same rule. In *Thomas Kilpatrick & Co. v. London Guarantee & Accident Co.*, 121 Neb. 354, 237 N. W. 162, a former Nebraska case is quoted with approval, as follows:

''An accident, within the meaning of contracts of insurance against accidents, includes any event which takes place without the foresight or expectation of the person acted upon or affected thereby.''

This state has adopted what clearly appears to be the majority rule. Some of our cases so holding are: *McGregor v. New World Life Ins. Co.*, 163 Wash. 677, 1 P. (2d) 908; *Buckley v. Massachusetts Bonding & Ins. Co.*, 113 Wash. 13, 192 Pac. 924; *Kibler v. Maryland Casualty Co.*, 74 Wash. 159, 132 Pac. 878.

The trial judge followed this rule in deciding the case.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.