FLORALBELL AMUSEMENT CORPORATION, Plaintiff, *v.* STANDARD SURETY & CASUALTY COMPANY OF NEW YORK, Defendant.

First Department, February 3, 1939.

*Myron Sulzberger, Jr.*, of counsel [*David Fogel* with him on the brief; *Schechter & Sulzberger*, attorneys], for the plaintiff.

*Charles J. Gardella* of counsel [*Alfred T. Tompkins*, attorney], for the defendant.

GLENNON, J.   Plaintiff, an assured, and defendant, an insurance company, have agreed to submit to this court for determination a controversy existing between them as to coverage under a policy of public liability insurance.   The policy was issued on January 17, 1931, by the defendant company to the plaintiff, the owner of a theatre at Floral Park, N. Y.   Pursuant to the provisions of the policy, the defendant undertook, among other things: " To defend in the name and on behalf of the Assured all claims, or suits against the Assured, except those hereinafter excluded, even if groundless, false or fraudulent, to recover damages arising or resulting from bodily injuries and/or death accidentally suffered or alleged to have been so suffered, within the policy period by any person or persons, except those employed by the Assured or those to whom the Assured may be held liable under any Workmen's Compensation Law, agreement, or plan."

It further agreed to pay any " loss or damage on account of such accidental bodily injuries and/or death suffered as aforesaid, for which the Assured is legally liable."

It is stipulated that on May 9, 1931, the plaintiff had in its employ one David Murphy, who managed plaintiff's theatre.   On that date one Richard Dill, an infant, sustained accidental bodily injuries at or about the theatre as a result of an alleged assault upon him by Murphy who was the alleged aggressor.   Charges were preferred against Murphy by Dill in the Magistrate's Court at the village of Floral Park, Nassau county.   In May, 1931, Murphy was convicted of assault in the third degree.   It is stipulated " that the said alleged assault was in nowise and at no time authorized, consented to, participated in or ratified by the plaintiff, or any officer, director or stockholder thereof."

Plaintiff orally notified the defendant of the occurrence of the accident and of its nature and "the defendant then and there disclaimed any liability under the policy and informed the plaintiff that it would not defend any claim or any suit which might arise as a result of said accident, solely and only on the ground that the accident was based upon an assault, and that therefore the said accident was not covered by or included within the terms of the policy."

In July, 1931, Richard Dill, by his guardian *ad litem*, commenced an action against plaintiff for damages in the Supreme Court, Nassau county. The basis of the action, according to the amended complaint therein, was that Murphy, "an employee of the defendant, while in its employment and performing work for the defendant within the scope of his employment, assaulted and beat the plaintiff upon the head and body, thereby wounding and bruising the plaintiff and causing the plaintiff to fall to the pavement."

The plaintiff appeared by its attorneys since the defendant herein disclaimed any liability. The action was tried during September, 1935, before a court and jury. A verdict was rendered in favor of the present plaintiff, Floralbell Amusement Corporation. It is stipulated that the value of the services and the amount of disbursements incurred by plaintiff in connection with the defense of the action amounted to the sum of $1,750.

The plaintiff contends upon this submission that the policy of insurance issued by defendant to the plaintiff required the defendant to defend the action instituted on behalf of Richard Dill by Tillie Dill, his guardian *ad litem;* whereas the defendant asserts that the policy of insurance issued by it to the plaintiff did not require it to defend the action.

We are of the opinion that plaintiff's contention is correct. In passing it should be noted that the plaintiff herein instituted an action against the defendant in the City Court of the City of New York, New York County. The complaint therein substantially covered the same facts which are set forth in the submission. A motion was made at Special Term of that court by the defendant to dismiss the complaint for insufficiency. Mr. Justice MADIGAN, who heard the application, denied the motion in an opinion which appears in 170 Misc. 1003. The situation here presented was there ably discussed and properly determined. The cases which pertain to the question which is the subject-matter of this controversy were applied or distinguished. After

the decision was rendered upon that motion, the parties herein entered into a stipulation discontinuing the action in the City Court, and agreed upon the present statement of facts.

The question here involved does not appear to have been discussed in the adjudicated cases in this State either in the Appellate Division or the Court of Appeals. However, the case of *Grand Union Co.* v. *General Accident, Fire & Life Assurance Corp., Ltd.* (254 App. Div. 274; affd., 279 N. Y. 638) is analogous. There an employee of the Grand Union Company, while engaged in target practice in the cellar of the plaintiff's place of business at Dannemora, N. Y., accidentally shot and killed a man named Ford, a passer-by, when a bullet pierced a wooden door opening upon a street. The defendant company refused to defend the action brought by Ford's administratrix on the theory that the policy which it wrote did not cover an accident of that type. The Grand Union Company retained private counsel. Subsequently the complaint in that case was dismissed in the Court of Appeals (*Ford* v. *Grand Union Co.*, 268 N. Y. 243).

Writing for this court in *Grand Union Co.* v. *General Accident, Fire & Life Assurance Corp., Ltd.* (*supra*), upon the question as to the liability of the insurance company for its failure to defend, Mr. Justice DORE said, in part: " The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insurer to defend the question is not whether the injured party can maintain a cause of action against the insured but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured's ultimate liability. We hold that the coverage of this policy includes injuries caused by the negligent acts of employees on the premises while the premises are being used by the insured for the declared purposes but where the insured's employees are temporarily acting outside the scope of their employment without notice to or approval by the employer."

After holding that the accident was within the coverage, Mr. Justice DORE said: " The accident being within the coverage defendant was obligated to defend and having refused to do so is liable to plaintiff for damages caused by its failure to defend. In considering the *quantum* of damages it must be kept in mind that plaintiff's right of action herein is not founded on defendant's agreement *to indemnify* nor on its additional agreement to pay the costs taxed against plaintiff in actions defended by the insured. Plaintiff here is suing for defendant's breach of an entirely separate agreement, viz., the express covenant *to defend.*"

The action in the *Ford* case was predicated upon the theory of nuisance and negligence rather than assault.

The question here presented has been considered by the appellate courts in other jurisdictions. In *Georgia Casualty Co.* v. *Alden Mills* (156 Miss. 853; 127 So. 555) the question before the court was similar to that of the case at bar. The court said:

" The policies sued on cover 'damages on account of bodily injuries accidently suffered.' The gravamen of the Pendergraft suit was that Burt, one of appellee's foremen, in the furtherance of appellee's business, without any provocation on the part of Pendergraft, committed a willful and malicious assault on the latter. The evidence on behalf of the plaintiff tended to establish the facts charged, and the jury necessarily so found in their verdict.

" Appellant contends that the assault on Pendergraft, having been willfully and intentionally inflicted by appellee's foreman, was not covered by the policies, because they provided indemnity only for ' injuries accidentally suffered.' The question, therefore, is whether a person who has been assaulted and injured by another, without any provocation on his part, has suffered an accidental injury. There is a diversity of opinion on this question among the courts, but the great weight of authority, and we think the better reasoned cases, holds that injuries sustained by a person while defending himself from an unprovoked assault are within the terms of a policy insuring him against injury accidentally inflicted — that an injury inflicted on one who did not voluntarily enter into the affray in which he was injured is an accident." (Citing cases.)

(See, also, *Fox Wisconsin Corp.* v. *Century Indemnity Co.*, 219 Wis. 549; 263 N. W. 567; *Westerland* v. *Argonaut Grill*, 187 Wash. 437; 60 P. [2d] 228; *Albrecht Co.* v. *Fidelity & Casualty Co.*, 289 Ill. App. 508; 7 N. E. [2d] 626.)

It must be borne in mind that the parties have stipulated, in substance, that Richard Dill sustained accidental bodily injuries at or about the Floral Theatre as the result of an alleged assault upon him by David Murphy, an employee of the plaintiff. In so far as Dill was concerned, the injuries he sustained were suffered accidentally within the meaning of the policy. Since the alleged assault was not authorized, consented to, participated in or ratified by the plaintiff it was an accident within the meaning of the policy in so far as plaintiff was concerned. It was the type of claim which defendant was bound to defend at its peril. As Judge MADIGAN said " an assault by an employee, an assault not foreseen by the employer, may be as catastrophic to the purse of the insured, the employer, as it is to the body of the person assaulted. Not being willful on the part of the assured, it is, from the point of view of the assured, in the nature of an accident in the course of his business."

The policy was prepared and written by the defendant. Therefore, if any ambiguity exists, it should be resolved in favor of the plaintiff. Under the topic of exclusions the defendant company provided that the policy did not cover any claims or suits arising out of different contingencies wherein liability on the part of the assured might arise. However, while the exclusions apparently were written with care, no reference is made therein to an injury arising out of an assault. Since the insurer did not see fit to safeguard itself in that respect there is no reason for reading any such thought into the policy.

We have reached the conclusion that the contentions of the plaintiff are well founded and, accordingly, we direct judgment in its favor in the sum of $1,750, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment unanimously directed in favor of plaintiff in the sum of $1,750, without costs. Settle order on notice.