Benjamin Bbennek, J.
(dissenting). In my view Floralbell Amusement Corp. v. Standard Sur. & Cas. Co. (256 App. Div. 221) which construed an assault as an accident applies here. In that case the court quoted from Georgia Cas. Co. v. Alden Mills (156 Miss. 853, 861) as follows: “the great weight of authority, and we think the better reasoned cases, hold that injuries sustained by a person while defending himself from an unprovoked assault are within the terms of a policy insuring bim against injury accidentally inflicted”. It has also been held that death from an assault constitutes death by accidental means within the'double indemnity clause of a life insurance policy (Goldfeder v. Metropolitan Life Ins. Co., 155 Misc. 744; see, also, Ann. 116 A. L. R. 396). Thus, if the assault be without provocation by the person assaulted, it should be regarded as. an accident within the meaning of any insurance policy including-the instant one for medical expense, unless the policy specifically excludes an injury caused by an assault. Indeed, it seems both fair and just in construing words in an insurance policy that the interpretation most beneficial to the insured should be adopted (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386, 390), for it is not the insured who formulates the words.
The further policy condition that the accident take place while plaintiff is “ occupying ” the automobile is satisfied. Injuries *71 frequently occur not while the injured person is in the automobile but after he is thrown therefrom following a collision. The majority view would tend to deny recovery to such persons. Here the accident transpired in the car itself because it was stopped by one of the assailants and boarded by another who forced plaintiff at knifepoint to leave it. Were he not so unfortunate as to have occupied the car these events would not have happened. Certainly the assault began with the threat in the automobile (Penal Law, §§ 240, 242, 244) and an emotional injury therein inflicted. Hence the fact that the major and bodily injury was inflicted outside of the car should not be determinative of the issue as to whether the accident occurred while the plaintiff was “ occupying ” the car.
We are not dealing here with the coverage for “negligent use ” of a vehicle nor arc we concerned with policies which exclude coverage for specifically designated accidents or those occurring during occupancy of vehicles under specific circumstances, so that the authorities cited which have to do with negligent acts or such use are not pertinent.
If we accept the view that the phrase ‘ ‘ while occupying ’ ’ modifies not only the word “ injuries ” but also the word “ accident ” in the policy clause at bar, it is logical to conclude that the accident did occur while the injured person occupied the car. Moreover, as already indicated, part of plaintiff’s injuries did indeed occur in the car as a result of the psychological and emotional attack which is compensable even without infliction of physical bodily harm (Battalla v. State of New York, 10 N Y 2d 237). It is thus my view that the assault was an accident occurring while plaintiff occupied the automobile within the contemplation of the policy.
I dissent and would modify the order to the extent of granting summary judgment to the plaintiff.
Gulotta, J., concurs with Di Gtovaxna, J., in a separate memorandum. Bbehueb, J., dissents in a separate opinion.
Order modified, etc.