Edward R. Dudley, J.
The petitioner, Motor Vehicle Accident Indemnification 'Corporation, has sought to permanently stay an arbitration proceeding commenced by claimant Harry Ulanoff against it. MVAIC, by motion at Special Term of this court, successfully stayed the arbitration pending a determination of the within issue, to wit, whether the injuries suffered by respondent ‘ ‘ resulted from an assault or were caused by an accident.”
The factual background to the instant case is both novel and interesting. On July 3, 1963, Ulanoff was held up by unknown gunmen while operating his taxicab. After relieving the claimant of his fare money, the bandits proceeded to take the claimant’s keys and force him into the trunk of the cab at gunpoint. While Ulanoff was locked in the trunk the gunmen continued their scheme of robberies, using the taxicab as a vehicle of escape. Finally, when the police were in pursuit, the gunmen jumped out of the taxi, allowing the vehicle to crash into several parked cars. The respondent remained locked in the trunk until released by the police.
The respondent suffered injuries during this escape and seeks to recover damages therefor. The parties have stipulated that the instant claim is limited to the injuries received by the respondent when the taxi crashed into the parked cars. In the view of this court, those injuries which directly resulted from the crash into the parked cars are covered by the endorsement provision in the insurance policy respecting “ accident”, and the respondent is entitled to damages for those injuries as a victim of an accident.
The essence of the MVAIC’s position is that the term “ accident ” as defined by the endorsement (insuring agreement) was not intended to include the direct consequences of a criminal activity. It has argued that MVAIC coverage does not include injuries to the claimant as a result of criminal activity, and it bottoms this conclusion on the specific exclusion of ‘ ‘ intentional ” injuries referred to in the endorsement as well as on the “ general principle of construction of insurance coverage *103 that no insurance policy, as a matter of public policy, will be construed to include liability for injuries caused by intentional criminal activity.”
Both sides have relied heavily upon the decision reached in the case of McCarthy v. MVAIC (16 A D 2d 35, affd. 12 N Y 2d 922). The facts in that case were, briefly, these: The plaintiff while driving her car accompanied by her sister was injured when the husband of her sister who had had an argument with his wife deliberately drove his car into the car driven by the sister-in-law to block the escape of his wife who was seeking to escape him. The sister-in-law sought to recover damages under the same endorsement as here involved. In the McCarthy case the appellate court framed the question before it: whether MVAIC may be held liable under its uninsured motorist endorsement for injuries caused by an assault and battery committed by an insured motorist. One glaring distinction between that case and the present claim is that in the former the offending vehicle when operated was an “ insured ” car, while here, the taxicab, when operated by bandits, was an “ uninsured ” vehicle. In the McCarthy ease the insured intentionally drove his car into the injured party. Here an uninsured party was in control of the offending vehicle without the consent of the insured.
Of special significance is the interpretation made by the court in the McCarthy case with reference to the words “ caused by accident ’ ’ as enumerated in the endorsement. In effect, the court looked to the provision required in all New York liability insurance policies that “ assault and battery shall be deemed an accident unless committed by or at the direction of the insured”. It is, of course, not argued by the MVAIC that Ulanoff, in the present case, played any part in the operation of the car by the bandits after having been locked in the trunk of the taxicab. It follows, therefore, that the injuries were in no sense committed by him or at his direction.
It has been held that even without inclusion of the above language, an assault, when committed without the insured’s consent or direction by the insured’s employee, or by a person for whose conduct the employer is generally responsible, such as his foreman, is an uncontemplated and unintended event, and is an accident to the claimant. (See Florabell Amusement Corp. v. Standard Sur. & Cas. Co., 256 App. Div. 221.) On the facts here, the insured may not be said to have been responsible for the conduct of unknown bandits; thus, the occurrence would surely be deemed an accident. At any rate, Ulanoff’s policy did, in fact, contain the standard clause as to what constitutes an accident.
*104 The facts herein are similar to those in the case of Matter of MVAIC (Levy) (17 A D 2d 965). In that case the automobile in which claimant was a passenger had been stolen. Claimant sought damages for injuries sustained by the negligent operation of the thief. There, too, the automobile collided with another vehicle while being pursued by the police. The court held that if the claimant knew the automobile had been stolen when she entered it or had remained therein as a passenger after acquiring such knowledge, despite a reasonable opportunity to alight therefrom, she would be barred from recovery from the insured. In the instant case Ulanoff had no opportunity to alight.
The court finds that the alleged injuries as limited by stipulation were caused by accident.