GLADYS SMITH, Also Known as GLADYS SMITH JORDON, Also Known as GLADYS JORDON, Respondent, v. CONTINENTAL CASUALTY COMPANY, Appellant.

First Department, April 19, 1940.

*Andrew Eckel* of counsel [*Robert M. McCormick, Jr.*, with him on the brief; *McCormick & Eckel*, attorneys], for the appellant.

*Vincent N. Donatone* of counsel [*Edward F. McShane* with him on the brief], for the respondent.

GLENNON, J. The defendant executed and delivered to the insured a " Protector Accident and Sickness Policy." Plaintiff was named as the beneficiary.

The insured, on the evening of September 13, 1937, was sitting in his room reading a newspaper. A girl named Viola Moorer dashed into the room. She was followed by a man named Clarence Brown who was brandishing a knife. Brown in turn was followed by another girl named Mazie Nesbitt. These three people were unacquainted with the insured. The Moorer girl ran behind the chair in which he was sitting. The latter jumped up and told Brown not to enter the room. However, Brown came in. He made various efforts to cut the Moorer girl. The insured was standing between her and Brown. While attempting to assault Viola Moorer, Brown stabbed the insured twice in the back and once in the chest near the heart. As a result of the injuries, the insured died on the following day.

The policy which was issued to the deceased, in so far as pertinent, provided in part as follows: " Continental Casualty Company * * * hereby insures the person (hereinafter called the insured) named in Statement 1 of the application for this policy and promises to pay * * * the insured's beneficiary, indemnity for loss of life * * * the principal sum * * * Three Hundred

Dollars." Under Part IV of the policy, headed "Loss of Life, Limb Or Sight," we find the following: "If injury shall within ninety days from the date of the accident result in any of the following losses, the Company will pay   *   *   *

|  | Single Indemnity | Double Indemnity |
|---|---|---|
| "A.   For loss of life................... | $300.00 | $600.00 " |

Under Part X of the policy entitled "Not Covered" it is provided by subdivision (c) thereof: "This policy does not cover loss resulting wholly or partly, directly or indirectly from   *   *   *   (c) injury which results from the intentional act of the Insured or of any other person, except assaults committed upon the Insured for the sole purpose of burglary or robbery."

It is asserted by the defendant that this clause precludes plaintiff from recovering even single indemnity. We are not in accord with that contention. In so far as the deceased was concerned, the jury has found, and properly so, that he died as the result of an accident within the meaning of the policy. (See *Floralbell Amusement Corp.* v. *Standard S. & C. Co.*, 256 App. Div. 221 and cases therein cited.) It is quite apparent that Brown in his rage did not intend to commit an assault upon the insured but rather to inflict injury upon the Moorer girl. Unfortunately, the insured happened to be in his path.

The next question presented concerns the amount of the recovery. The jury by its verdict has allowed double indemnity. Under the terms of Part VI of the policy, double indemnity can be obtained only where the insured was injured while riding as a passenger on a public conveyance. Consequently, the judgment must be modified by the allowance only of single indemnity, to wit, the sum of $300.

The determination of the Appellate Term and the judgment of the Municipal Court should be modified accordingly and as so modified affirmed, without costs of this appeal.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously modified by the allowance only of single indemnity, to wit, the sum of $300, and as so modified affirmed, without costs of this appeal.