ELSIE BORNEMAN, Appellant, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.

Argued October 26, 1942; decided December 3, 1942.

*Emanuel Boasberg, Jr.,* and *Joseph Swart* for appellant. In the absence of evidence that Brown intended to fracture the skull of the insured the latter's death must be deemed accidental. (*Union Accident Co.* v. *Willis,* 44 Okla. 578; *Richards* v. *Travelers Ins. Co.,* 89 Cal. 170; *Utter* v. *Travelers Ins. Co.,* 65 Mich. 545; *Robinson* v. *Hawkeye Commercial Mens Assn.,* 186 Ia. 759; *Brooks* v. *Continental Casualty Co.,* 128 So. Rep. 183; *Patton* v. *Kansas City Life Ins. Co.,* 115 W. Va. 40; *Stevens* v. *Casualty Co.,* 12 N. D. 463; *Travelers Protective Assn.* v. *Fawcett,* 56 Ind. App. 111; *Gaynor* v. *Travelers Ins. Co.,* 12 Ga. App. 601; *Travelers Co.* v. *Wyness,* 107 Ga. 584; *Clancy* v. *John Hancock Mut. Life Ins. Co.,* 156 Misc. Rep. 732.) Construction of the intentional injury clause should be in favor of the beneficiary. (*Janneck* v. *Metropolitan Life Ins. Co.,* 162 N. Y. 574; *Allen* v. *St. Louis Ins. Co.,* 85 N. Y. 473; *Butler* v. *Watkins,* 13 Wall. 456; *Mutual Life Ins. Co.* v. *Hillmon,* 145 U. S. 285.)

*Roy P. Ohlin* and *Charles F. Steele* for respondent. Death of the insured resulted directly or indirectly, wholly or partially, from injuries intentionally inflicted upon him. (*Ryan* v. *Continental Casualty Co.,* 94 Neb. 35; *Christian* v. *Metropolitan Life Ins. Co.,* 252 App. Div. 252; *Rider* v. *Preferred Accident Ins. Co.,* 183 App. Div. 42; 230 N. Y. 530; *Johnson* v. *Jefferson Standard Life Ins. Co.,* 52 Fed. Rep. [2d] 829; *Northwestern Benevolent Society* v. *Dudley,* 21 Ind. App. 327; *People* v. *Hall,* 260 App. Div. 421.)

FINCH, J. This is an action for double indemnity benefits claimed to be owing under the terms of a life insurance policy,

whereby the life of one Robert C. Borneman was insured in favor of plaintiff, his wife, with the provision that double indemnity should be paid if the insured's death should result directly from injuries sustained by accidental means.

On the evening of July 21, 1939, the insured and a companion were in a tavern in the city of Buffalo. While there, the insured became engaged in an argument with one Brown. Subsequently the insured and his companion left the tavern and stood talking on the sidewalk just outside. About two minutes later Brown came out and the quarrel was resumed between Brown and the insured. There is testimony that Brown's hand went out towards the insured, that the insured moved his shoulders as if to strike Brown, and that Brown then hit Borneman in the stomach with his right hand, followed with the left in the same place, and finally in the face with his fist, which blow knocked the insured over backwards. His head hit the pavement with such force that the witness heard a crack. Also, one of the front teeth of the insured was knocked out, and his lip was severely injured. In falling, the insured struck his head against the concrete pavement or upon a step going into the tavern, thereby receiving a fracture at the base of the skull from which he died the following morning.

The beneficiary of the policy, the wife of the insured, brought this action to recover double indemnity under the accidental death provisions of the policy. These provisions contained a clause reading: " *  *  *  nor shall any such benefit be payable if death results, directly or indirectly, or wholly or partially, from any disease or bodily or mental infirmity, or from the inhaling of any kind of gas, whether voluntary or involuntary, or from self destruction, while sane or insane, or from injuries intentionally inflicted on the Insured by any person, while sane or insane,  *  *  *."

It is undisputed that the death of the insured resulted directly from the fracture of his skull caused by hitting the skull upon the concrete pavement. It was stipulated that if a doctor was called he would testify that the insured died as the result of a fracture at the base of his skull caused by striking his head on the pavement.

The action was brought in the City Court of Buffalo, which adjudged the suit in favor of defendant, dismissing the complaint of plaintiff. Upon appeal from the City Court to the Supreme Court, Mr. Justice JAMES reversed the City Court and ordered a judgment in favor of plaintiff. Upon appeal to the Appellate

Division, the order of Mr. Justice JAMES was reversed and the judgment of the City Court of Buffalo was reinstated and affirmed, with leave to appeal granted by the Appellate Division, certifying that in its opinion a question of law was involved which should be reviewed by the Court of Appeals.

Stated briefly, the question involved is whether, under the terms of the policy, it can be said that the death herein resulted, directly or indirectly, wholly or partially, from injuries intentionally inflicted on the insured by any person while sane or insane.

Upon this record a recovery may not be had if the intentional injuries inflicted upon the insured by Brown were the proximate cause of the death of the insured. This presents a question of fact and there is evidence to sustain the finding of the trial court and the Appellate Division that the proximate cause of the death was the blow struck by Brown, and that it was not an accident but a deliberate injury to Borneman that caused his death.

In addition to the facts given above, it appears that Brown was a former prizefighter, and it is a fair inference from the evidence that the punches inflicted by Brown were knockdown, knockout punches. Under such circumstances the fall of the insured, with the concomitant injuries from contact with the pavement, cannot be said to be so unforeseen, unexpected, or extraordinary as to permit us to say as a matter of law that it constituted an accident.

That Brown intended to punish the insured by inflicting injuries upon him is not open to doubt. But that Brown intended to kill the insured does not appear. Since the death of the insured under the circumstances of the evidence in this case cannot be said to be unforeseen, undisputed or extraordinary, the evidence presented a question of fact whether the blows struck by Brown were not a contributing proximate cause of the death of the insured. The connection between the intentional injuries and the dire result cannot be said as a matter of law to be too remote. The case of Lewis v. Ocean Accident & Guarantee Corporation (224 N. Y. 18, 21), presented the reverse of the case at bar. There the trivial cause was wholly out of proportion to the unexpected, unforeseen and extraordinary result. In that case, where a prick of a pimple on the face of the insured by the insured resulted in an infection which caused his death, the court called attention to the fact that in fixing the meaning of the word " accident " we must take that of the average man and then said: " Such a man would say that the dire

result, so tragically out of proportion to its trivial cause, was something unforeseen, unexpected, extraordinary, an unlooked-for mishap, and so an accident. This test — the one that is applied in the common speech of men — is also the test to be applied by courts."

Appellant argues that the act of Brown in striking the insured had no reasonable connection with the death of the latter, to an extent which would deprive the death of its accidental character. As argued by appellant in its brief (p. 24): " The sole question in this case is whether Borneman's death, so far as Brown was concerned, was accidental  *  *  *  We do not quarrel with defendant when it says that Brown must have hit him a hard blow, so hard in fact, as to swell his lip and knock out a tooth. We do insist, however, that such minor injuries had not the remotest connection with the fatal result  *  *  *. Conceding that the blow was intentional, it is a *non sequitur* to say that the fractured skull was intended. Strong evidence was needed to show that Brown intended to crack Borneman's skull. The record is barren of any such proof."

In answer, it is submitted, as previously stated, that there is evidence in this record to sustain the finding of the trial court and the Appellate Division and to present a question of fact as to the connection between the intentional injuries inflicted and the death. There was nothing trivial about the blows inflicted upon the insured by Brown. Such blows were no mere slaps in the face or mild push which might have caused a person to slip and fall. On the contrary, the blows were knockdown and knockout punches by a former prizefighter. Under such circumstances, the fall of the insured, with the concomitant injuries from contact with the pavement, cannot be said to be unforeseen, unexpected or extraordinary.

Appellant also urges that the record shows that Brown was so intoxicated at the time of the assault that he was not possessed of sufficient intelligence to form an intent to injure the insured. The record shows an utter failure of proof by appellant that Brown was so intoxicated as to be incapable of forming an intention. (*Rider* v. *Preferred Accident Ins. Co.*, 183 App. Div. 42; affd., 230 N. Y. 530.) In addition, the language of the policy provides that the accidental death benefit shall not be paid if death results directly or indirectly from injuries intentionally inflicted by any person while sane or insane.

It follows that the judgment appealed from should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.