Memorandum. The order of the Appellate Division should be affirmed, with costs. The case was tried on an agreed statement of facts. Plaintiff, a mechanical engineer in the employ of Nallan Associates, Inc., was shot in the back by an unknown assailant after entering an office building in New York City for the purpose of delivering sound equipment to a customer and attending a union meeting. He sustained serious injuries as a result of the shooting and received workmen’s compensation benefits for medical expenses incurred.* In this action, he seeks recovery of medical expenses as the beneficiary of a major medical insurance policy issued by the defendant. Both the trial court and the Appellate Division, by a divided court, held that plaintiff is precluded from obtaining benefits under a provision of the policy excluding coverage for medical charges incurred as a result of "accidental bodily injury arising out of and in the course of the individual’s employment”. On this appeal, plaintiff contends that the shooting may not be deemed accidental. An "accident” has been defined as "an event which * * * is unusual and unexpected by the person to whom it happens” (Black’s Law Dictionary [4th ed]). Thus, the rule in this State and in other jurisdictions is that "Whether or not a certain result is accidental is usually determined by looking at the casualty from the point of view of the insured to see whether or not from his point of view the event was unexpected, unusual and unforeseen” (30 NY Jur, Insurance, § 1099, p 484; see Miller v Continental Ins. Co., 40 NY2d 675, 677; Floralbell Amusement Corp. v Standard Sur. & Cas. Co. of N. Y., 256 App Div 221, *886 225; Piotrowski v Prudential Ins. Co. of Amer., 141 Misc 172; Goldfeder v Metropolitan Life Ins. Co., 155 Misc 744; see, also, Jernigan v Allstate Ins. Co., 269 F2d 353; Huntington Cab Co. v American Fid. & Cas. Co., 155 F2d 117; Ann., 72 ALR3d 1090, 1100-1103). Under the circumstances here presented plaintiff did not expect or foresee the shooting, and thus, the resulting injuries should be deemed accidental and within the exclusionary language of the policy. The cases relied upon by plaintiff are inapposite for they involve policies containing an express exclusion for intentionally inflicted injuries (see, e.g., Borneman v John Hancock Mut. Life Ins. Co., 289 NY 295). The provision in issue in this case is intended to exclude from coverage those accidental injuries for which, as here, workmen’s compensation relief is available, and we conclude that the injuries sustained by plaintff fall within its ambit.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.

 In a prior separate proceeding involving a disability claim for the injury here suffered, the Appellate Division sustained the Workmen’s Compensation Board’s finding that plaintiff was an employee of both the union and Nallan Associates, Inc., his immediate employer, of which he was president and sole stockholder; consequently, that court upheld the award of compensation with respect to both the union and the employer (Matter of Nallan v Motion Picture Studio Mechanics Union Local No. 52, 49 AD2d 365). This court reversed with respect to the union and held that the latter was not plaintiffs employer (40 NY2d 1042). Nallan Associates, Inc., did not take an appeal to this court and hence the board’s award of compensation against its insurance carrier remains undisturbed.