OPINION OF THE COURT
Frank Composto, J.
The plaintiff insurance company instituted this proceeding for a declaratory judgment. The action is to declare that the plaintiff is under no obligation under a general liability policy to defend an assault action against the named defendants, or to pay any judgment that may be obtained by one Michael Knigin against the defendants herein. The Knigin action *428 against the assureds is presently pending in the Supreme Court, New York County.
At the hearing, the plaintiff submitted for the court’s consideration, the original insurance policy. It draws the court’s attention to "Coverage A”, which in substance, states that the company would pay damages because of bodily injury or property damage to which this insurance applies, caused by an "occurrence”. The policy defines "occurrence” as follows: "occurrence, means an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured.”
The action brought by Knigin was for an alleged assault by an employee of the defendant corporation. Plaintiff states that the assault is not an accident pursuant to the definitions in the policy and, therefore, they are not obligated to defend the defendant corporation, or to pay any judgment that may be rendered.
At the conclusion of the hearing, the court reserved decision.
The policy was prepared and written by the plaintiff, therefore, if any ambiguity exists, it should be resolved in favor of the insured. (Floralbell Amusement Corp. v Standard Sur. & Cas. Co. of N. Y., 256 App Div 221.)
In the Floralbell Amusement Corp. v Standard Sur. & Cas. Co. of N. Y. (supra), the court affirmed the opinion of Mr. Justice Madigan (170 Misc 1003) and held that an assault by an employee of the insured, if not acquiesced in or committed on behalf of the insured, nor authorized, consented to or ratified by the insured, was an accident within the meaning of the policy. The court adopted the wording of Judge Madigan and states on page 225 as follows: " 'an assault by an employee, an assault not foreseen by the employer, may be as catastrophic to the purse of the insured, the employer, as it is to the body to the person assaulted. Not being willful on the part of the assured, it is, from the point of view of the assured, * * * in the nature of an accident in the course of his business.’ ” The court further noted at page 226 that: "The policy was prepared and written by the defendant. Therefore, if any ambiguity exists, it should be resolved in favor of the plaintiff. Under the topic of exclusions the defendant company provided that the policy did not cover any claims or suits arising out of different contingencies wherein liability on the *429 part of the assured might arise. However, while the exclusions apparently were written with care, no reference is made therein to an injury arising out of an assault. Since the insurer did not see fit to safeguard itself in that respect there is no reason for reading any such thought into the policy.”
The Floralbell case had been cited with approval as recently as 1977 in Nallan v Union Labor Life Ins. Co., (42 NY2d 884).
In the case of C. O. Falter, Inc. v Crum & Forster Ins. Cos. (79 Misc 2d 981), the court dealt with the word "occurrence” which appeared in the policy before the court and with the definition of "accident”. The court stated that if there is any doubt as to whether the charges against an insured state a claim within the coverage of the policy, such doubt will always be resolved in favor of the insured (cited cases). The court further stated at page 983: "The determination of whether an insurance company is obligated to defend an action brought against an insured by a third party is made by looking at the face of the complaint to determine if sufficient facts have been alleged to bring the case within the perimeters of the policy’s coverage.” (See, also, Commercial Pipe & Supply Corp. v Allstate Ins. Co., 36 AD2d 412.)
In the case of Nallan v Union Labor Life Ins. Co. (42 NY2d 884, 885, supra), the court, in a memorandum decision stated: "Thus, the rule in this State and in other jurisdictions is that 'Whether or not a certain result is accidental is usually determined by looking at the casualty from the point of view of the insured to see whether or not from his point of view the event was unexpected, unusual and unforeseen.’ (30 NYJur, Insurance, § 1099, p 484; see Miller v Continental Ins. Co., 40 NY2d 675, 677; Floralbell Amusement Corp. v Standard Sur. & Cas. Co. of N. Y., 256 App Div 221, 225)”.
A reading of the policy and the definitions therein does not satisfy this court that an alleged assault in the assured’s restaurant is not covered by the policy. The definition of "occurrence”, if intended to exclude assault, is most confusing and obfuscating. Parenthetically, it may be pointed out that the policy, in rather clear unequivocal language, lists 17 exclusions and contained within those 17 exclusions are also 18 subdivisions. "Assault” is not listed under the exclusions. If the carrier intended to exclude "assault”, particularly when it insures a restaurant, it would be most simple and fair to set forth "assault” among the exclusions.
The court finds that the policy covers the 21 Mott Street *430 Restaurant Corp. and the carrier is obligated to represent them and pay any judgment that may be rendered against the corporation within the policy limits. It must be clearly understood that this ruling deals with the obligation to cover the named assured. No ruling is being made with reference to any of the employees or anyone else who may have been involved in the alleged assault. Any ruling as to them with reference to possible "consent” or "respondeat superior” or "arising out of or in the course of employment” or any other such possible defenses can only be made after a trial and by the Judge or jury hearing the case.
Complaint dismissed.