OPINION OF THE COURT
Loren N. Brown, J.
The plaintiff has brought this action praying for a judgment declaring that the defendant, the Home Insurance Company (Home), is obligated to defend and indemnify the plaintiff pursuant to a general comprehensive liability insurance policy issued by Home to the town, and declaring that a disclaimer of coverage by Home was invalid. The defendant now moves *82 for an order granting it summary judgment in its favor and against the plaintiff. In turn, the plaintiff cross-moves for summary judgment in its favor. The court is called upon to construe the terms of the policy.
This action has its antecedents in a suit brought in and around May of 1986 by certain homeowners in the Town of Clifton Park. The complaints in those actions, in two counts, alleged that the town, through its building inspector, C. Robert Ketchum, negligently and fraudulently issued certificates of occupancy for improperly constructed houses.* On May 27, 1986, the town demanded that Home defend and indemnify it and its building inspector against the homeowners’ actions pursuant to the policy. Preliminarily, Home disclaimed coverage by a letter of disclaimer, dated May 29, 1986. Subsequently, and apparently after further investigation, Home agreed that the town would be covered in an amount up to $50,000 by a separate faithful performance blanket position bond, which, although not providing a defense, insured the town for the failure of its employees to perform faithfully his or her duties. This declaratory judgment action was commenced and these motions followed.
The policy of insurance in question requires Home to indemnify and defend the plaintiff for property damage caused by an occurrence. Property damage is defined by the policy as "(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period”. An occurrence is defined in the policy as an "accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured”. The policy contains exclusions denying coverage:
"(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from
"(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or
"(2) the failure of the Named Insured’s products or work performed by or on behalf of the Named Insured to meet the *83 level of performance, quality, fitness or durability warranted or represented by the Named Insured”.
The defendant denies coverage on the ground that the complaint does not allege damage due to an occurrence, and that coverage is excluded because the inspection failed to meet the requisite level of performance.
In construing the terms of the contract, two rules of construction must be kept in mind. First, policies of insurance should be construed liberally, and any doubt should be resolved in favor of the insured. (C. O. Falter, Inc. v Crum & Forster Ins. Cos., 79 Misc 2d 981; Hanover Ins. Co. v 21 Mott St. Rest. Corp., 95 Misc 2d 427.) Second, even with the liberal rule of interpretation in cases of ambiguity, "where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement [citations omitted]”. (Government Employees Ins. Co. v Kligler, 42 NY2d 863, 864.) Applying these principles to the case at bar, the court will agree with the plaintiff that, with liberal construction, the exclusions are arguably not applicable. There was no lack of performance or delay in performing any contract or agreement, and although there allegedly was work performed on behalf of the named insured which failed to meet a requisite level of performance, there was no warranty or representation by the named insured. Exclusions aside, it may also be said, once again with liberal rules of interpretation, that by improperly issuing the certificates of occupancy, the plaintiffs in the underlying suits suffered property damage in that their property, according to the complaint, was rendered unsafe, and, therefore, damaged. However, even with the most liberal interpretation possible, the court may not avoid the clear wording of the policy which extends its coverage only to an occurrence as defined in the policy. It is defined as an accident, and nothing in the complaints in the underlying actions charges the town or its building inspector with conduct which may be considered to have been an accident. The clear wording of the comprehensive general liability policy requires the court to declare that the policy, absent an accident, does not require the defendant to defend or indemnify with respect to the homeowners’ suit.
The court has examined the remaining contentions of the town and has found them to be without merit.

 In a previous decision and order, the court, with the exception of one action, dismissed those causes of action in the complaints which sounded in negligence.