■ JACQUELINE S. KRULLS, Respondent, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.—Mercure, J. Appeal from that part of an order of the Supreme Court (Dier, J.), entered January 11, 1988 in Schenectady County, which denied defendant's cross motion for summary judgment dismissing the complaint.

Defendant issued a policy of insurance providing coverage

for the accidental death and/or dismemberment of plaintiff's husband, Gerd E. Krulls. On or about April 1, 1986, State Troopers Michael Brosnan and Daniel Davidson, Jr., went to Krulls' residence to execute an arrest warrant. Upon entering a bedroom in the residence, they encountered Krulls wielding a rifle. Although Krulls was directed to put the rifle down, he refused and shot in the direction of Brosnan. Davidson then returned fire, shooting three times, striking Krulls in the chest at close range and killing him.

Defendant denied plaintiff's claim for payment of benefits upon the ground that Krulls' death was not accidental. Plaintiff commenced this action for damages equal to the face value of the insurance policy and defendant answered, asserting as an affirmative defense that the insured's death was not accidental. Plaintiff moved for summary judgment for the relief demanded in the complaint and defendant cross-moved for summary judgment dismissing the complaint. The cross motion was supported by sworn statements of Brosnan and Davidson detailing the incident and the circumstances of Krulls' death. Plaintiff did not submit any contradictory evidence or otherwise oppose the cross motion. Supreme Court denied the motion and the cross motion, finding that "there are multiple issues of fact concerning the death of plaintiff's husband and the validity of insurance coverage at the time of [his] death". Defendant appeals.

We conclude that defendant's cross motion should have been granted. "If the insured in an accident insurance policy voluntarily and deliberately engages in a fight as the aggressor, and receives injuries which are the natural and probable consequences of his acts, there can be no recovery under the policy, since the injuries cannot be said to be produced by accident or accidental means" (70 NY Jur 2d, Insurance, § 1345, at 127). Clearly, one armed with a deadly weapon who attacks a police officer performing his duty must expect deadly resistance, so his death at the hands of the officer is foreseeable and, therefore, not accidental (see, id., at 128-129; *Manno v Metropolitan Life Ins. Co.*, 139 Misc 848; *Fabian v Prudential Ins. Co.*, 139 Misc 640; cf., *Borneman v Hancock Mut. Life Ins. Co.*, 289 NY 295).

The uncontroverted evidence presented on defendant's cross motion for summary judgment was that Brosnan and Davidson identified themselves as State Troopers, that their service revolvers were drawn when they entered Krulls' bedroom, and that Krulls was directed to put down his rifle but nevertheless fired at Brosnan. Under the circumstances, that one or both of

the Troopers would return fire was not only foreseeable, it was virtually inevitable. Plaintiff's contention that the cross motion should have been denied because she had not yet deposed the officers is unpersuasive. Having herself moved for summary judgment, she cannot be heard to complain that the motion was premature. Further, the argument was not raised before Supreme Court and was, accordingly, waived. Last in this regard, the assertion that the testimony of Brosnan or Davidson at an examination before trial might vary from their sworn statements is highly speculative and improbable. In the absence of any questions of fact on the issue of whether Krulls' death was accidental, Supreme Court should have granted the cross motion and dismissed the complaint.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion for summary judgment; cross motion for summary judgment granted and complaint dismissed; and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.