■ WILLIAM E. COLLUM, JR., et al., Respondents, v STATE FARM FIRE AND CASUALTY COMPANY, Defendant, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.—In an action, *inter alia,* for a judgment declaring that the Hartford Accident and Indemnity Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Phillips v Collum* (index number 84-16270) pending in the Supreme Court, Suffolk County, the defendant Hartford Accident and Indemnity Company appeals (1) from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 26, 1988, as, upon searching the record, awarded partial summary judgment to the plaintiffs and against it finding that it had a duty to defend the plaintiffs, and (2) as limited by its brief, from so much of an order of the same court, entered June 29, 1988, as, upon reargument, adhered to the original determination in the order entered February 26, 1988.

Ordered that the appeal from the order entered February 26, 1988 is dismissed, as that order was superseded by the order entered June 29, 1988, made upon reargument; and it is further,

Ordered that the order entered June 29, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appellant issued the plaintiffs a policy in November 1982 that obligated it to defend and indemnify the plaintiffs

for claims of "bodily injury or property damage" caused by an occurrence. Occurrence was defined as "an accident, including continuous or repeated exposure to conditions, which results in *bodily injury or property damage* neither expected nor intended from the standpoint of the *insured*". During the term of the policy, the plaintiffs in the underlying action, Douglas H. and Althea Phillips, brought suit against the plaintiffs in the instant action alleging, *inter alia,* that their paint business was a nuisance and had caused the Phillips bodily injury and property damage. The appellant disclaimed coverage and the instant action was commenced. The appellant argued in the instant action that it had no duty to defend because the complaint in the underlying action alleged only intentional conduct not covered by the policy. However, the Supreme Court found that the appellant was obligated to defend.

It is well-settled law that where an insurance policy includes the insurer's promise to defend the insured against specified claims, the insurer's duty to defend is broader than its obligation to indemnify *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless the allegations might be *(Seaboard Sur. Co. v Gillette Co., supra).* In order for the insurer to be relieved of a duty to defend, it must demonstrate that the allegations in the underlying complaint place that pleading solely and entirely within the exclusions of the policy and that the allegations are subject to no other interpretation *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). The appellant has failed to meet this burden.

The appellant claims it has no duty to defend because the conduct alleged in the complaint in the underlying action was neither "expected nor intended". However, whether an occurrence is expected or intended is analyzed from the point of view of the insured *(see, Nallan v Union Labor Life Ins. Co.,* 42 NY2d 884). The plaintiffs in the underlying action could recover damages for either intentional or negligent conduct *(see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564). Since negligence includes conduct which may not be expected or intended by the insured, there is an obligation to defend. In any event, even if the conduct was intentional as that term is used in nuisance law, that does not mean that bodily injury or property damages as a result of that conduct were intended or expected within the meaning of the insurance policy *(see, Atlantic Cement Co. v Fidelity & Cas. Co.,* 91 AD2d 412, *affd*

63 NY2d 798). Therefore, since the appellant may be required to indemnify the plaintiffs based on the allegations in the complaint in the underlying action, it is obligated to defend them. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.