■ NALEA REALTY CORP., Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. [656 NYS2d 613] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered March 28, 1996, after a nonjury trial, declaring in plaintiff insured's favor that defendant insurer's disclaimer of coverage for untimely notice of occurrence was improper, awarding plaintiff $200,000 plus interest, representing the amount of the settlement in the underlying action, and severing and referring to a Special Referee plaintiff's claim for attorneys' fees and costs in prosecuting the instant declaratory judgment action, unanimously affirmed, with costs.

Defendant insurer disclaimed coverage for untimely notice of the occurrence where plaintiff insured, the owner of an apartment building, upon learning that a tenant had been shot in the building, did not report the incident to the insurer at that time, based upon its belief that it was not responsible for the intentional criminal acts of third parties, but promptly forwarded the summons and complaint to the insurer when it was sued by the tenant for negligence. This belief of nonliability was reasonably and properly based on language in the policy defining an "occurrence" as an accident (see, Beach Haven Apts., No. 6 v Allcity Ins. Co., 182 AD2d 658, lv denied 80 NY2d 761). We reject the insurer's claim that such belief became unreasonable approximately two weeks after the shooting when the shooting victim told the insured's superintendent that he was going to sue. Assuming that threat would have triggered the notice provision had it been made directly to the insured, the superintendent's knowledge thereof cannot be imputed to the insured in the absence of evidence that the superintendent's agency included the handling of such information. We have considered the insurer's other argument, including that its letter agreeing to the $200,000 settlement in the underlying action did not also include an agreement to pay the insured's attorneys' fees and costs in this action should the insured prevail, and find them to be without merit. Concur— Ellerin, J. P., Rubin, Williams and Tom, JJ.