■ CALVERT INSURANCE COMPANY, Appellant, v CIGNA INSURANCE COMPANY, Respondent. [658 NYS2d 12] —Order of the Supreme Court, New York County (Herman Cahn, J.), entered on or about July 3, 1996, which granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously modified, on the law, to the extent of declaring that defendant is not obligated to indemnify or defend its insured in the underlying tort action in Supreme Court, Kings County, and that plaintiff is obligated to defend and indemnify the same insured in that action and, except as so modified, affirmed, without costs.

The alleged assault on the infant plaintiff in the underlying tort action while a passenger on a school bus did not arise out of the use of that vehicle (*see, Horney v Tisyl Taxi Corp.*, 93 AD2d 291). Recent judicial repudiation of the common carrier doctrine (*see, Adams v New York City Tr. Auth.*, 88 NY2d 116) renders plaintiff's reliance on earlier case law inappropriate (*see, e.g., Green Bus Lines v Ocean Acc. & Guar. Corp.*, 287 NY 309, 312). Nor does assault come within the coverage of defendant's policy, which extends only to bodily injury "caused by an accident", as that term is commonly construed in the context of an automobile insurance policy (*Michaels v City of Buffalo*, 85 NY2d 754, 758). We modify only to declare explicitly what is implied by Supreme Court's disposition (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). Concur—Ellerin, J. P., Wallach, Rubin and Mazzarelli, JJ.