■ EDWARD J. MUHL, as Superintendent of Insurance of the State of New York, Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Appellants, and LANCER INSURANCE COMPANY, Respondent, et al., Defendants. (Action No. 1.) LANCER INSURANCE COMPANY, Respondent, v HARRAN TRANSPORTATION COMPANY, Inc., et al., Defendants, and HICKSVILLE UNION FREE SCHOOL DISTRICT, Appellant. (Action No. 2.) GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, v LANCER INSURANCE COMPANY, Respondent, et al., Defendants, and HICKSVILLE UNION FREE SCHOOL DISTRICT, Appellant. (Action No. 3.) [665 NYS2d 553] —In three related actions, *inter alia,* for judgments declaring the respective rights of the parties under certain insurance polices, (1) Edward J. Muhl, the Superintendent of Insurance for the State of New York and as liquidator of United Community Insurance Company, appeals, as limited by his brief, from (a) so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered August 2, 1995, in all three actions, as denied his motion for summary judgment and a declaration that Lancer Insurance Company is obligated to defend and indemnify the Hicksville Union Free School District in certain underlying negligence actions and granted the cross motion of Lancer Insurance Company for summary judgment and a declaration that it was not so obligated, (b) an order of the same court dated January 22, 1996, which, upon renewal and reargument, adhered to the order entered August 2, 1995, and (c) a judgment of the same court in Action No. 1, entered May 7, 1996, declaring that Lancer Insurance Company is not obligated to defend and indemnify Hicksville Union Free School District in the underlying actions; (2) Hicksville Union Free School District appeals, as limited by its brief, from (a) so much of the order entered August 2, 1995, as granted Lancer Insurance Company's motion for summary judgment and denied the motion of United Community Insurance Company for summary judgment, and (b) a judgment of the same court in Action No. 2, entered May 2, 1997, and two judgments of the same court in Actions Nos. 1 and 3, both entered May 7, 1997, declaring that Lancer Insurance Company is not obligated to defend and indemnify it in the underlying actions; and (3) Greater New York Mutual Insurance Company, the plaintiff in Action No. 3 and a defendant in Action No. 1, separately appeals from stated portions

of the order entered August 2, 1995, the judgment entered May 2, 1997, and the two judgments entered May 7, 1997, respectively, in Actions Nos. 1, 2, and 3.

Ordered that the appeals taken by Greater New York Mutual Insurance Company are dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeals from the orders entered August 2, 1995, and dated January 22, 1996, are dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that Lancer Insurance Company is awarded one bill of costs.

The appeals from the intermediate orders entered August 2, 1995, and dated January 22, 1996, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the actions (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from those orders are brought up for review and have been considered on the appeals from the judgments.

"An insurer's obligation to furnish its insured with a defense is heavy indeed, and, of course, broader than its duty to pay" (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326; *see also, Collum v State Farm Fire & Cas. Co.,* 155 AD2d 581). "The duty arises whenever the allegations of the complaint, for which the insured may stand liable, fall within the risk covered by the policy" (*Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6, 8). " 'If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be' " (*Colon v Aetna Life & Cas. Ins. Co., supra,* at 8-9).

Despite the heavy burden on the insurer to demonstrate that it is entitled to be relieved of the obligation to defend, based on the facts in this case and the language contained in the insurance policies at issue, the Supreme Court properly found that Lancer Insurance Company had no duty to defend and no duty to indemnify Hicksville Union Free School District in the underlying actions (*see, Calvert Ins. Co. v CIGNA Ins. Co.,* 239 AD2d 243). Therefore, Lancer Insurance Company's motions for summary judgment were properly granted. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.