[700 NYS2d 811]

AGOADO REALTY CORP. et al., Appellants, v UNITED INTERNATIONAL INSURANCE COMPANY, Respondent, et al., Defendants.

First Department, November 30, 1999

## APPEARANCES OF COUNSEL

*Robert H. Goldberg* of counsel (*Dawn E. Lederman* on the brief; *Goldberg & Carlton,* attorneys), for appellants.

*Bruce Robins* of counsel (*Richard J. Gottlieb* on the brief; *Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

ROSENBERGER, J. P.

This is a declaratory judgment action involving a commercial general liability policy issued to plaintiffs by defendant, United International Insurance Company. On May 19, 1996, Miguel Felipe, a tenant of the building owned by plaintiffs, was murdered in the building by unknown assailants. Felipe's estate and family commenced a wrongful death action against plaintiffs, alleging negligent security, by service on the Secretary of State on February 10, 1997. The attorney designated to accept service for plaintiffs was deceased, and plaintiffs did not receive actual notice that a claim had been made against them until they received the summons and complaint in the mail on June 9, 1997.

Plaintiffs immediately notified their broker, which filed a notice of occurrence with the "producer" of the insurance. The producer, in turn, forwarded the notice, summons and complaint to defendant, which received it June 20, 1997.

On July 23, 1997, defendant sent a letter to plaintiffs disclaiming coverage on the grounds of late notice of occurrence and late notice of claim. The policy conditions required the insured to notify the company "as soon as practicable" of any occurrence which may result in a claim and of any suit brought against the insured. Defendant contended that these policy conditions were breached because defendant did not receive notice of the occurrence until 397 days after it occurred, nor did it receive notice of the claim until 130 days after the Felipes' summons and complaint was served on the Secretary of State.

On August 11, 1997, plaintiffs' attorney filed an answer in the underlying wrongful death action and commenced the instant declaratory judgment action seeking a declaration that defendant was required to defend and indemnify plaintiffs. On September 22, 1997, defendant served its answer, alleging that plaintiffs breached the insurance contract by virtue of the late notices of the occurrence and the lawsuit.

On June 23, 1998, defendant moved to amend its answer to add two affirmative defenses never previously asserted. First, defendant alleged that there was no covered "occurrence,"

because "occurrence" is defined as "an accident" in the policy, whereas the basis for the underlying claim was an intentional assault. Second, defendant invoked the exclusion for "expected or intended" injury, although the exclusion only applies to bodily injury "expected or intended *from the standpoint of the insured*" (emphasis added).

Plaintiffs opposed the motion to amend as violative of Insurance Law § 3420 (d), and cross-moved for summary judgment. The IAS Court granted defendant's motion to add two affirmative defenses to its answer, and denied plaintiffs' cross motion for summary judgment. The motion to amend should have been denied.

Section I (1) (b) (1) of the policy in question covers bodily injury and property damage only if caused by an "occurrence" that takes place in the coverage territory while the policy is in effect. Section V (12) of the policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Section I (2) (a), under the heading "Exclusions," excludes coverage for bodily injury and property damage that is "expected or intended from the standpoint of the insured." There is no exclusion for assault, either in the definition of "occurrence" (*compare, 2500 Motel Corp. v Investors Ins. Co.*, 169 AD2d 604, 605, *lv denied* 78 NY2d 857) or in the list of "Exclusions" set forth in section I (2) (*compare, Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350).

Insurance Law § 3420 (d) requires an insurance company to give prompt notice of the grounds for disclaimer: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."

Defendant correctly argues that section 3420 (d) does not apply to the second affirmative defense because this defense is based on lack of coverage rather than on a policy exclusion (*Zappone v Home Ins. Co.*, 55 NY2d 131, 137). Construing the predecessor to section 3420 (d), the Court of Appeals concluded that "the Legislature * * * did not intend to require notice when there never was any insurance in effect, and intended * * * to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed

not to cover it because of an exclusion in the policy" (*supra,* at 138). This analysis applies to the second affirmative defense that an assault by a third party was never intended to be a covered "occurrence" within the scope of the policy. Thus, that defense is not waived by the insurer's delay.

The second affirmative defense should nonetheless be dismissed on the merits. Although the assault was intentional from the standpoint of the perpetrator, it was an accident from the standpoint of the insured, i.e., "an event which under the circumstances is unusual and unexpected by the person to whom it happens" (Black's Law Dictionary 14 [5th ed]). This issue may be decided as a matter of law when the facts of the underlying assault and injury are not disputed (*see, Massachusetts Bay Ins. Co. v National Sur. Corp.,* 215 AD2d 456, 459, *lv denied* 87 NY2d 806).

Case law supports this approach to the problem. For instance, in *Floralbell Amusement Corp. v Standard Sur. & Cas. Co.* (256 App Div 221), the plaintiff was sued when its employee assaulted and injured a customer. When the plaintiff sought defense and indemnification costs from the defendant insurer, the insurer claimed that the assault was intentional and therefore not covered by a policy insuring against accidental injury (*supra,* at 223). This Court granted judgment in favor of the plaintiff insured: "Since the alleged assault was not authorized, consented to, participated in or ratified by the plaintiff it was an accident within the meaning of the policy in so far as plaintiff was concerned" (*supra,* at 225). The Court of Appeals has cited this reasoning with approval (*Nallan v Union Labor Life Ins. Co.,* 42 NY2d 884, 885 [affirming dismissal of complaint where policy *excluded* accidental injuries and insured was victim of assault]).

The above interpretation of "occurrence" is consistent with the policy language in the instant case. In *Hanover Ins. Co. v 21 Mott St. Rest. Corp.* (95 Misc 2d 427, 428-429), as here, the policy defined "occurrence" as an accident but did not exclude assault, either in the definition of "occurrence" or in the long list of exclusions. As in *Floralbell* (*supra*), the insured in *Hanover* was a company seeking liability coverage after its employee assaulted a third party and the latter sued the insured. The *Hanover* court noted that ambiguities in a policy should be construed against the insurer and held that no exclusion for assault would be read into the definition of "occurrence" because the insurer could have made such a limitation explicit but did not do so (*Hanover Ins. Co. v 21 Mott St. Rest. Corp., supra,* at 429).

An even stronger statement in favor of coverage can be found in this Department's opinion in *2500 Motel Corp. v Investors Ins. Co.* (169 AD2d 604, 605, *lv denied* 78 NY2d 857, *supra*). The insured, a motel owner, was sued for negligent security by guests who were assaulted on the premises by an intruder. The policy in question provided coverage for an "occurrence," which was defined as an "accident." Even though an endorsement to the policy clarified that assault and battery would not qualify as an accident, this Court held: "[W]e read this exclusion to apply to intentional damage caused by or at the direction of the insured, its agents or employees, rather than assaults or batteries committed by unrelated third persons. Had [the insurer] intended to preclude indemnification for damage upon the motel premises caused by criminal acts of a third party, it should have done so 'in clear and unmistakable' language" (*supra*, at 605 [citations omitted]).

On the other hand, the Court of Appeals recent decision in *Mount Vernon Fire Ins. Co. v Creative Hous.* (88 NY2d 347, *supra*) implicitly casts doubt on the viability of *2500 Motel Corp.*'s generous interpretation of policy language similar to the policy in the case at bar. There, the Court held that an exclusion for claims "based on Assault" applied even though the insured was being sued for negligent maintenance of the premises rather than for personally committing the assault (*supra*, at 350). However, *Mount Vernon* is distinguishable on its facts because that case involved an explicit exclusion for assault, emphasizing that " 'Assault and Battery shall not be deemed an accident whether or not committed by or at the direction of the insured' " (*supra*, at 350). *Mount Vernon* is best understood as a contractual modification of the default rule in such cases, just as a life insurance policy covering "accidental" death covers death inflicted by a third party's intentional acts unless the policy provides otherwise (*Goldfeder v Metropolitan Life Ins. Co.*, 155 Misc 744; *Smith v Continental Cas. Co.*, 259 App Div 357).

Defendant asserts that plaintiffs themselves have conceded that the assault was not a covered occurrence, but this is not the case. In the context of refuting defendant's other defense that they breached the policy conditions by not providing a timely notice of occurrence, plaintiffs essentially argued that at the time of the assault they had no reason to believe that it would trigger liability on their part. Thus, until they were sued by the decedent's family, the question of whether the assault was an "accident" did not occur to them. This does not estop

them now from claiming that to the extent that they were involved, the assault was an accident from their standpoint.

■ The addition of the third affirmative defense based on the "expected or intended" exclusion violated Insurance Law § 3420 (d). This statutory provision applies when the insured seeks coverage for liability for injuries arising out of an accident. As discussed above, the meaning of "accident" in a liability policy depends on the policy language, and the wording of the policy issued by defendant to plaintiffs did not exclude assaults by third parties. Therefore, the statute applies here.

Case law interpreting section 3420 (d) has consistently held that when an insurer denies coverage on a specific ground, it is estopped from later asserting other grounds, not previously specified, for denying coverage (*Haslauer v North Country Adirondack Coop. Ins. Co.*, 237 AD2d 673, 674; *Aguirre v City of New York*, 214 AD2d 692, 694). Therefore, the insurer waived its right to rely on the exclusion pertaining to "expected or intended" injury by its failure to invoke this policy provision in its original notice of disclaimer.

Furthermore, an insurance company will not be allowed to deny coverage where all the relevant facts were known to the insurer at the outset, but it unreasonably delayed in asserting a basis for disclaimer. In *Hartford Ins. Co. v County of Nassau* (46 NY2d 1028, *rearg denied* 47 NY2d 951), an unexplained delay of two months was found to be unreasonable in disclaiming coverage. In this case, defendant waited a considerably longer time, with an unexplained delay of approximately one year, before mentioning new grounds for disclaimer. This is unreasonable as a matter of law (*Hartford Ins. Co. v County of Nassau, supra*, at 1030), whether or not the insured was prejudiced (*Allstate Ins. Co. v Gross*, 27 NY2d 263, 270).

■ A question of fact remains regarding plaintiffs' alleged good-faith belief that no covered event had occurred until they were sued. The IAS Court properly denied summary judgment to plaintiffs with respect to the insurer's first affirmative defense, namely, late notice of the occurrence. Although the landlord was not given notice of the murder until several days after it occurred, and the landlord was not questioned by the police, the landlord's alleged good faith is a question of fact that needs to be determined at trial. Plaintiffs cite *Nalea Realty Co. v Public Serv. Mut. Ins. Co.* (238 AD2d 252, *lv dismissed* 90 NY2d 927), which held that a landlord's belief of nonliability for the intentional criminal acts of a third person may be reasonable and can excuse a delay in notifying an insurer of the

occurrence. While other cases similar to *Nalea* stand for the same proposition (*see, e.g., Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795; *D'Aloia v Travelers Ins. Co.*, 85 NY2d 825, *rearg denied* 85 NY2d 968), none of these cases, including *Nalea*, granted summary judgment to an insured on similar facts. Therefore, plaintiffs' alleged good-faith belief of nonliability is an issue to be resolved at trial (*Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795, 798, *supra*).

However, there is no issue of fact regarding defendant's second and third affirmative defenses alleging that plaintiffs unreasonably delayed giving notice of the actual lawsuit. The circumstances of the filing upon receipt of summons negate these defenses as a matter of law. For reasons beyond plaintiffs' control, plaintiffs did not get the summons until June and then sent it to the insurer less than two weeks later.

Accordingly, the order of the Supreme Court, New York County (Harold Tompkins, J.), entered on or about October 16, 1998, granting defendant United International Insurance Company's motion to add two affirmative defenses to its answer, and denying plaintiffs' cross motion for summary judgment, should be modified, on the law, to deny defendant's motion to amend its answer and grant partial summary judgment to plaintiffs to the extent of dismissing defendant's second and third affirmative defenses, and otherwise affirmed, without costs.

Reargument granted, and upon reargument, the unpublished decision and order of this Court entered on August 19, 1999 (Appeal No. 1423) recalled and vacated, and new decision and order substituted therefor. Leave to appeal to the Court of Appeals (hereby deemed leave to appeal from the new decision and order substituted this date) granted, as indicated.

Tom, Rubin, Saxe and Buckley, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 16, 1998, modified, on the law, to deny defendant's motion to amend its answer and grant partial summary judgment to plaintiffs to the extent of dismissing defendant's second and third affirmative defenses, and otherwise affirmed, without costs.