■ AGOADO REALTY CORP. et al., Respondents, v UNITED INTERNATIONAL INSURANCE COMPANY, Appellant, et al., Defendants. [733 NYS2d 407] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered January 8, 2001, which, after a nonjury trial, found, *inter alia*, that defendant insurer was obligated to defend plaintiff insureds in the underlying action, unanimously affirmed, with costs.

Plaintiff insureds are landlords and are sued in the underlying action for negligence. A homicide occurred in their building and it is alleged that the homicide's perpetrator gained entrance to the building by reason of plaintiffs' failure to maintain the building's security systems. Defendant insurer has disclaimed responsibility for plaintiffs' defense in the underlying action, claiming that its obligations under the liability policy at issue are excused by plaintiffs' failure to provide timely notice of the occurrence, i.e., the homicide, and timely notice of the ensuing negligence action. However, the duly credited testimony of plaintiff Kucukkarca, in which he explained that he was not aware in the near aftermath of the occurrence that the death of the tenant in question had been the result of criminal activity by an intruder and that his inquiry respecting the circumstances of the tenant's death had been rebuffed by the decedent's family, lent ample support to the court's conclusion that the delay in notifying the insurer of the occurrence was reasonable under the circumstances (*see*, *Nalea Realty Corp. v Public Serv. Mut. Ins. Co.*, 238 AD2d 252, *lv dismissed* 90 NY2d 927; *see also*, *D'Aloia v Travelers Ins. Co.*, 85 NY2d 825). There was also ample evidence to support the trial court's finding that plaintiffs' failure to promptly notify defendant of the lawsuit was excusable. In testimony that it was the trial court's prerogative to credit, plaintiffs' former counsel and agent for the receipt of service stated that he did not receive the summons and complaint and related April 1997 correspondence and that a thorough review of his files respecting plaintiffs' building failed to disclose evidence that the summons and complaint and related documents had, in fact, been

delivered to his office. Consistent with and, indeed, supportive of this testimony was the return receipt card for the summons and complaint, which was signed by a party whom plaintiffs' former counsel was unable to identify and which failed to indicate in the space provided to whom or to what address the envelope purportedly containing the summons and complaint had been addressed. Concur—Andrias, J. P., Wallach, Lerner, Rubin and Buckley, JJ.